## STATE *ex rel.* LOVE v. SMITH.

No. 6019.    Opinion Filed June 16, 1914.

Rehearing Denied August 18, 1914.

(142 Pac. 408.)

**ELECTIONS—Certificate of Election—Conclusiveness.**  The county election board of Kingfisher county issued a certificate of election to relator, Chas. A. Love, declaring him elected to the ·office of sheriff, which certificate was in due form and regular on its face. Upon this certificate relator brought mandamus proceedings against defendant, who was in possession of the office; and upon a hearing the court admitted evidence tending to show errors and irregularities in the proceedings resulting in the issuance of said certificate of election, and rendered judgment in favor of defendant. **Held,** that in·mandamus proceedings, the certificate of election, issued by the proper authorities, in due form and regular on its face, is conclusive evidence in favor of the holder thereof to said office named therein, entitling him to the paraphernalia, records, books, etc., pertaining to such office.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*James W. Steen, Judge.*

Application by the State, on the relation of Charles A. Love, for writ of mandamus against Clyde Smith.  Judgment for respondent, and relator brings error.  Reversed, and order that writ issue from Supreme Court granted.

*Giddings & Giddings* and *Geo. L. Bowman,* for plaintiff in error.

*W. A. McCartney* and *Hinch & Bradley,* for ·defendant in error.

RIDDLE, J.   .Plaintiff in error, Chas. A. Love, filed his motion and affidavit in the district court of Kingfisher county, praying for a peremptory writ of mandamus.   In substance he alleges that at the general election held November 5, 1912, he was the regular qualified nominee of the Democratic party for the office of sheriff of Kingfisher county; that at said election

State ex rel. Love v. Smith.

he received a plurality of votes cast for the office of sheriff; that the county election board of said county issued to him a certificate of election to said office; that he has duly qualified and has taken the oath of office, as required by law; that he has filed his bond and caused the same to be approved in the manner provided by law; that notwithstanding the fact that a certificate of election has been duly issued to him, and he has qualified in the manner provided by law, respondent, Clyde Smith, after due demand for said office and the insignia and paraphernalia of said office, records, etc., has refused and continues to refuse to vacate said office in favor of relator. The prayer is in the usual form for a peremptory writ of mandamus.

An alternative writ of mandamus was issued, returnable on the —— day of February, 1913. Thereafter respondent filed his return and answer to said writ. After alleging several grounds in the nature of a special demurrer, wherein said affidavit and alternative writ were defective, he denies each and every allegation contained therein. He admits that he is performing the functions of the office of sheriff of Kingfisher county, and that he has possession of said office and all the books, paraphernalia, and records belonging to said office, and avers that he is the duly elected and acting sheriff of said county; that he has qualified in the manner provided by law. He alleges several irregularities in the holding of said election and in the acts of the county election board in the canvass of said returns. He specifically alleges that the returns from Union and Lacy townships were not counted by said election board. He goes into detail and alleges many irregularities, which we deem unnecessary to set out in this opinion.

Upon the issue as made, a trial was had to the court in February, 1913, and judgment rendered, denying the peremptory writ of mandamus and sustaining the contention of the respondent. From this judgment, relator prosecutes this appeal. Among other grounds for reversal of this cause, he alleges: First. That said court erred in overruling the motion of plaintiff in error for a new trial. Second. Said court erred in not rendering judgment for plaintiff in error and against defendant in error.

The certificate of election which was issued and delivered to relator and attached to and made a part of relator's affidavit and motion is as follows:

"State of Oklahoma, County of Kingfisher—ss.:

"To C. A. Love: I, Miles W. Judge, clerk of said county election board, do hereby certify, and you, the said C. A. Love, are hereby notified, that at the election held on the 5th day of November, A. D. 1912, for the election of state and county officers, in and for said county, you were duly and legally elected to the office of sheriff in and for Kingfisher county in said state, as appears from the canvass of the votes and the determination of the board of canvassers of said election now on file in my office. You are further notified that you must file your official bond, take the oath of office, and qualify as required by the statutes, before you can enter upon the duties of such office. Witness my hand and official seal at Kingfisher in said county of Kingfisher this 8th day of November, A. D. 1912.

"[Seal]                          MILES W. JUDGE,
"A. E. LANE,                              Secretary-Clerk.
      "Chairman County Board."

It will be seen from the foregoing certificate of election that it is regular on its face and in the form prescribed by law. The view we take of this case will not require an examination of the voluminous record filed in this court.

It is the contention of defendant in error that the certificate of election issued to plaintiff in error is void, by reason of irregularities in the action of the board in issuing same, and also for the reason that it was issued upon incomplete returns, there being two townships not canvassed, and, further, that it was not issued by the board, but by certain members thereof. In a contest, or in a *quo warranto* proceeding, these contentions might prevail; but, upon sound authority, we are constrained to hold that they cannot be urged in a mandamus proceeding. This would be a collateral attack upon the certificate, which is not permitted in a proceeding of this character. If we were to go into these matters in this proceeding, then every irregularity or misconduct of an official would warrant the court in mandamus proceedings in receiving evidence relating to all kinds of irregularities. Thus

it will be seen that the proceedings in mandamus would be converted into a contest, or a proceeding in *quo warranto,* involving the title to the office. If, upon the face of the certificate, defects in proceedings resulting in the issuance of a certificate of election were discovered, in that returns from certain townships were not counted, a different question would be presented. The court would then determine the issue upon the sufficiency of the certificate upon its face, and would not be required to go behind the certificate to ascertain defects or irregularities. This contention is illustrated by McCrary on Elections, secs. 306 to 314.

Section 306 reads:

"It is enough for a *prima facie* case if the certificate comes from the proper officer of the state, and clearly shows that the person claiming under it has been adjudged to be duly elected by the officer or board on whom the law of the state has imposed the duty of ascertaining and declaring the result. In *Kerr v. Trego,* 47 Pa. 292, it is held that the certificate of election sanctioned by law or usage is *prima facie* evidence of title to the office, and can only be set aside by a contest in the form prescribed by law."

Section 314 provides:

"It is to be observed in this connection that while, in determining the *prima facie* right to a seat, the House of Representatives will not look behind the certificate, if it be signed by the proper officers, and if it contains a statement in unequivocal terms of the result of the election, yet something may appear upon the face of the certificate itself to destroy or impair its value as *prima facie* evidence. If, for instance, the certificate states that the vote of one county out of five has not been canvassed, it seems that this would make it necessary, even to the determination of the *prima facie* case, to inquire what the vote was in the county omitted. And, if it appear that the vote of the county omitted would have changed the result, the value of such a certificate is destroyed. * * * Whenever, therefore, it appears upon the face of a certificate of election that one or more of the counties composing the district have been omitted from the canvass, it is the duty of the House, before determining the *prima facie* case, to inquire into the effect of such omission upon the result of the canvass, and to treat the certificate as *prima facie* good only in case it appears that the omitted vote would not change the result or contradict the certificate, if admitted."

Again, section 321 provides:

"While it is true, as we have seen, that where a certificate of election is confined to a statement that the person to whom it is given is duly elected, or words to that effect, it is *prima facie* evidence that such person is entitled to the office, it is also true that where it recites the facts upon which the certifying officer relies as his justification for issuing it, and where, from those facts, it clearly appears that the person named was not elected, the certificate destroys itself." *Hart v. Harvey,* 32 Barb. (N. Y.) 55.

This illustrates the doctrine that, if the certificate is regular and valid upon its face, the court, in a mandamus proceeding, will accept it as conclusive and will only go behind such certificate in ascertaining error or irregularities in a proceeding in the nature of a contest or *quo warranto,* involving the title to the office.

It is also contended, as a ground why the certificate should not be accepted as conclusive, that it does not show upon its face that it emanated from the board, but simply from the acts of certain members of the board. This contention is not tenable. The law requires the board to organize and elect a chairman and secretary, and the usual manner of evidencing the action of the board is by the signature of the presiding officer and secretary or clerk, with the seal attached, where a seal is required. The certificate introduced in evidence is signed by the secretary and chairman of the board, and has the seal attached. It is not contended that the signature of either the secretary or the chairman is forged. The law does not require each member of the board to sign the orders made by the board, or certificates of election issued; and while there may have been irregularities or defects in the proceedings resulting in the certificate—in the order or failure of a formal order authorizing same—which might destroy the efficacy of such certificate in a proper proceeding, yet upon a collateral attack the certificate must be accepted as conclusive.

It is further contended that the certificate could not be accepted as conclusive, for the reason that, under the election law as it now exists, the person shown by the election returns to be elected shall be entitled to possession of the office. While this

may be true, yet the law requires the issuance of a certificate as evidence of the fact that the person shown by the election returns was elected, and makes it a misdemeanor for the officers to fail to issue such certificate. Upon this point, suffice to say that the certificate, regular and fair, upon its face, must be accepted in this proceeding as conclusive evidence that the person named therein was shown by the election returns to be elected. The rule governing mandamus proceedings in election cases seems to be so well settled and in language so clear that there is but little room to misconstrue it. The rule is stated by this court in the case of *Ellis et al. v. Armstrong et al.,* 28 Okla. 311, 114 Pac. 327, quoting with approval from High on Extraordinary Remedies, in the following language:

"Upon the application for mandamus, the court will not go behind the certificate of election and try the relator's actual title. It is therefore wholly immaterial whether the relator was eligible to the office in question or whether he was duly elected thereto, since to try such issues would be to determine the title upon proceedings in mandamus, which the courts will never do."

The court quotes from the case of *State v. Jaynes,* 19 Neb. 161, 26 N. W. 711, as follows:

"The relator's cause of action consists solely in his having been canvassed in, declared elected, awarded a certificate of election, taken the oath, and given the bond required by law. * * * It was quite unnecessary for him to have alleged any other facts than these in his relation, nor would the denial and disproving of any other facts by the respondent defeat the action"

—citing *State ex rel. v. Johnson,* 35 Fla. 2, 16 South. 786, 31 L. R. A. 357.

Mr. Justice Turner, proceeding, says:

"As plaintiffs, by virtue of their certificates of election and the allegation that they in effect had qualified according to law, showed *prima facie* title to the office (*Cameron v. Parker,* 2 Okla. 277, 38 Pac. 14), and it appeared by proper allegation that respondents refused to recognize them as members of the board and permit them, as such, participation in its affairs, mandamus was the proper remedy to compel such recognition (*Matney v. King,* 20 Okla. 22 [93 Pac. 737]; *Eberle v. King,* 20 Okla. 49 [93 Pac. 748]; 26 Cyc. 257)."

Adopting the foregoing language, which is equally applicable to the case .at bar as it was to the case in which it was applied, our duties in this case are very much simplified. The foregoing rule, adopted and adhered to by this court, like most every principle or rule laid down by law writers and announced by the courts, is based upon reason and justice. The duty of public officers must be performed by some one, and this too while contests are carried on, or proceedings in the nature of *quo warranto* are being prosecuted in the courts. The principle upon which this rule is based is that election officers, as well as all other public officials, are presumed to know the law and to adhere to its mandates in the discharge of their public duties under their oaths of office. When such officers, in the canvass of returns and as a result thereof, issue a certificate of· election, such certificate carries with it *prima facie* right to such office; and, when such person holding such certificate qualifies in the manner provided by law, he is immediately entitled to the possession of the office for the purpose of assuming and discharging the duties of same. The certificate of election held by such person is only *prima facie* evidence of his legal election and right to hold the office in a contest or in a proceeding in the nature of *quo warranto,* instituted in the courts and involving the title; yet in a mandamus proceeding, as is the case at bar, such certificate is conclusive, and the courts are not at liberty to go behind the same for the purpose of determining the title to the office. If the rule were otherwise, a large majority of persons, who have been legally chosen by the people as their public officials, could by force be prevented by persons holding over from taking possession of the office and discharging the duties thereof and receiving the emoluments flowing therefrom, without any right or color of title, save and except holding possession by force. While adhering to this rule may, in a very small per cent. of cases, result in injustice, yet if the rule were otherwise, the will of the people would be thwarted and officials who are chosen by the people to discharge public duties would be denied such right and the people deprived of their services. Hence a rule has been adopted and enforced which will tend to subserve the public interests in a large majority of cases

and which from experience is found to be based upon reason and sound principles. The trial court committed error in trying this case as though the title to the office was involved, and in failing to accept the certificate of election as conclusive evidence of relator's right to possession of said office, and in refusing to issue the writ of mandamus as prayed.

The conclusion we have reached requires a reversal of the judgment of the trial court, and a peremptory writ of mandamus is hereby issued from this court, directed to respondent, Clyde Smith, commanding him at once, upon service of same, to deliver possession of the effects and paraphernalia of said office, including books, records, etc., to plaintiff in error.

All the Justices concur.