ROSS *et al.* v. HUNTER *et al.*

No. 7513.   Opinion Filed April 18, 1916.

(157 Pac. 85.)

1.  **MANDAMUS—Subjects of Relief—Possession of Office.** One who holds the **prima facie** title to an office may obtain possession of the same by mandamus, and the title to the same cannot be tried in such proceeding.

2.  **ELECTIONS—Certificates—Conclusiveness.** A certificate of election issued by the proper officers that is valid on its face and stands unimpeached by any admitted fact is conclusive as to the right to the possession of an office in a proceeding in mandamus therefor.

3.  **ELECTIONS — Conduct — Officers — "Arrangement."** Section 1002a, Comp. Laws 1909 (section 441, Rev. Laws 1910), provides that the regular precinct election boards, appointed by the county election boards, for and within incorporated towns shall conduct all elections, including elections for town officers; and this provision is not impliedly repealed nor affected by the provision of the act of March 24, 1911 (Laws 1910-11, section 1, c. 136, p. 316), that "in towns and villages the president of the board of trustees and the town clerk shall make all arrangements for holding the elections, which shall include the printing of ballots and other supplies," as the word "arrangements," as here used, does not include the appointment of such precinct election boards.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Mandamus 'proceedings by Clyde Hunter and others against Jess Ross and others for the possession of the respective offices of treasurer, clerk, and justice of the peace of the town of Braggs. Judgment for each of the plaintiffs, and each of the defendants brings error. Affirmed.

*Bailey & Wyand, Edward M. Gallaher,* and *R. M. Mountcastle,* for plaintiffs in error.

*Blakeney & Maxey* and *W. E. Disney,* for defendants in error.

THACKER, J. On April 6, 1915, the plaintiffs in error, Jess Ross, Ed. McLain, and Tobe Burrows, who were respectively treasurer, clerk, and justice of the peace of the town of Braggs, in Muskogee county, severally and in the order named, opposed the defendants in error, Clyde Hunter, Edward E. McCoy, and David T. Reece, as candidates, respectively, for said offices for the next ensuing term. On that day a set of election officers appointed by the county election board of said county and another set appointed by the board of trustees of the town held conflicting elections at the same time and in the same room for the election of officers for the town. Each of the plaintiffs in error received a majority of the votes cast in the election held by the appointees of the town trustees, and each of the defendants in error received a majority of the votes cast in the election held by the appointees of the county election board for the office for which he was a candidate.

The county election board, refusing the demand of each of the plaintiffs in error for the same, issued its cer-

tificate of election in due form to each of the defendants in error; and, thereupon, each of the latter demanded of his adversary in said election the possession of the office, including all its belongings, to which his certificate showed him to have been elected, which demand was refused.

Each of the defendants in error thereupon filed his motion and affidavit in the superior court of said county for a writ of mandamus to obtain possession of the office to which he held the certificate, to which each of the plaintiffs in error, in respect to the motion and affidavit of his own adversary, responded by alleging the facts hereinbefore stated as to said conflicting elections.

The propositions (1) that one who holds the *prima facie* title may obtain the possession of an office by mandamus, and that the title to the same cannot be tried in such a proceeding, and (2) that a certificate of election issued by the proper officers that is valid on its face and stands unimpeached by any admitted fact is conclusive as to the right of possession of an office in a mandamus proceeding has been too often decided in this jurisdiction and is too well settled to require discussion. *Ewing v. Turner*, 2 Okla. 94, 35 Pac. 951; *Cameron v. Parker*, 2 Okla. 277, 38 Pac. 14; *Matney v. King*, 20 Okla. 22, 93 Pac. 737; *Ellis v. Armstrong*, 28 Okla. 311, 114 Pac. 327; *Mitchell v. Carter*, 31 Okla. 592, 122 Pac. 691; *Jewitt v. West*, 33 Okla. 703, 127 Pac. 476; *State ex rel. Love v. Smith*, 43 Okla. 231, 142 Pac. 408, L. R. A. 1915A, 832.

The question as to which of said two conflicting elections was authorized by law is the only other question in this case, and this question involves nothing more than the inquiry as to whether the act of March 24, 1911, the same being section 1, c. 136, p. 316, Laws of 1910-11,

authorizes the town board of trustees to appoint election officers, and thus, by implication, repeals the provision in section 1002a, Comp. Laws 1909 (section 441, Rev. Laws 1910), that "the regular precinct election boards" (appointed by the county election boards) "for and within * * * incorporated towns shall conduct all elections herein provided for."

The act of March 24, 1911, does not so fully and completely provide for such elections as to exclude all the provisions of sections 1002a-1005, Comp. Laws 1909 (sections 439-445, Rev. Laws 1910), relating to the subject. The only provision in said act of March 24, 1911, to which our attention has been especially called and the only one it appears that could be urged with any degree of plausibility as indicating an intent to so repeal the prior authority reads as follows:

"Provided, that in towns and villages the president of the board of trustees and the town clerk shall make all arrangements for holding the elections, which shall include the printing of ballots and other supplies."

Repeals by implication are not favored and we do not think the authority given in the later act to "make all arrangements for holding the elections, which shall include the printing of ballots and other supplies," includes the appointment of precinct election officers or in any manner repeals the prior law authorizing and making it the duty of the "regular election boards," appointed by the county election boards, to hold such elections.

The procurement of a suitable place and necessary supplies, other than printed supplies, as well as the latter, would seem to be within the terms of the proviso quoted from the act of March 24, 1911; but, in view of the spe-

cific provision of the prior law that the "regular election boards" shall hold such·elections and of the rule that repeals by implication are not favored, we. do not think the word "arrangement" (which would ordinarily be understood in the connection here used to merely mean the procurement and preparation of a place and supplies, properly arranged, suited to holding such an election) can be construed to embrace the appointment of election officers, if such a construction would otherwise be possible.

The judgment of the trial court is affirmed.

All the Justices concur.