13325

BURNETT v. LANGSTON

(161 S. E., 72)

*Messrs. Nicholls, Wyche & Russell,* for petitioner,

*Messrs. Cole L. Blease, L. G. Southard* and *C. E. Daniel,* for respondent,

January 12, 1932.

The opinion of the Court was delivered by Circuit Judge E. C. DENNIS, ACTING ASSOCIATE JUSTICE.

This is a proceeding in the nature of a mandamus in the original jurisdiction of this Court. Upon a verified petition the Chief Justice issued a rule to show cause why the respondent should not be required to deliver to the petitioner any and all books, papers, and documents in his possession relating and appertaining to the office of tax collector of Spartanburg County.

The first position taken by the respondent in his return is that this Court has no jurisdiction because no summons was presented to or was before the Chief Justice when he issued the rule to show cause, and, it appearing from the face of the petition that this is a proceeding in the nature of *quo warranto* to try title to office wherein property rights and the right to office must be determined, it is an action, and the provisions of law relating to actions apply to it, and such a proceeding cannot be commenced by a rule to show cause, but only by the issue and service of a summons; further, that this is an action and requires a summons, that, no summons having been issued or served, the Court is without jurisdiction. By a further return respondent contends that petitioner has not the legal capacity to bring this proceeding, in that no

leave was obtained from a Circuit Judge; further, that it must be brought by the Attorney General in the name of the State, and that a private party has no right to maintain this proceeding.

Reserving his legal positions, respondent makes a further return showing his appointment on April 1, 1926, for a four-year term as tax collector and that he was duly commissioned; that he had qualified and performed the duties of his office; that no successor was recommended by the delegation in 1930, but in 1931, during the session of the General Assembly, the delegation met, and a majority thereof recommended him for appointment to succeed himself, but that Governor Blackwood refused to appoint him; that its action was never rescinded by the delegation in formal meeting, and he contends that the delegation had exhausted its power and could not make any other recommendation for the office. He contends further that a recommendation could not be made by the secret, separate, individual and uncommunicated action of the several members of the delegation, but that it must be made by the delegation as a body, meeting in a deliberative capacity, with all members notified of the meeting.

The facts, briefly stated, are as follows: In 1924 the General Assembly created the office of tax collector of Spartanburg County, and provided for the appointment of such tax collector by the Governor, "upon the recommendation of the majority of the Legislative Delegation from Spartanburg County"; the term of office being for four years from the date of such appointment.

Under this Act the respondent was duly commissioned tax collector in 1926, and entered upon the duties of his office. From the expiration of his term in 1930 he has been holding over until his successor should be appointed. Some time prior to November 24, 1931, a majority of the legislative delegation of Spartanburg County filed with Governor Blackwood their written recommendation of petitioner for appointment to the office of tax collector to succeed respond-

ent. Acting upon this recommendation, the Governor duly appointed and commissioned petitioner tax collector of Spartanburg County under date of November 24, 1931. The petitioner duly qualified under such appointment, and notified respondent of his appointment and qualification. He then made demand on respondent to turn over to him the books, papers, and records of the office of tax collector, and the demand was refused. This proceeding was then begun.

As to the legal positions with reference to the jurisdiction of this Court, there are numerous cases which show that these contentions are untenable. This Court in its original jurisdiction may issue a rule to show cause without a summons, without the leave of a Circuit Judge, and upon a petition such as in this case. *Verner v. Seibels,* 60 S. C., 572, 39 S. E., 274; *Carrison v. Young,* 125 S. C., 42, 118 S. E., 32; *Walpole v. Wall,* 153 S. C., 106, 149 S. E., 760, and others.

This is not an action to try title to an office, but it is a proceeding to put one who holds *prima facie* title to an office into the custody and possession of the records incident to that office.

In *Ex parte Whipper,* 32 S. C., 5, 10 S. E., 579, 582, the Court uses this language, which is clear and forcible: "The authority created for that purpose had declared Talbird duly elected. Right or wrong he had been commissioned, qualified, and entered upon the discharge of his duties as Probate Judge. His *prima facie* title was clear; and, in the language of Judge Strong, in the case of Baker, the remedy of the petitioner, Whipper, was to surrender the books and papers of the office, and, if so advised, to resort to his civil action, in the nature of a *quo warranto,* to test the title. The records of a public office are in no sense private property. They are very important to every citizen. It is good policy to require that there should be no unreasonable delays in determining contests as to elective offices."

The same reasoning is applicable to an appointive office. *Verner v. Seibels,* 60 S. C., 572, 39 S. E., 274. "A *prima facie* right or title on the part of the relator to the office is all that is necessary, or in fact involved, in mandamus proceedings to compel the surrender of the insignia, etc., of the office. This is so for the reason that a *prima facie* title to a public office confers a right to exercise its functions, and a right to the possession of the insignia and property thereof, and upon such *prima facie* title the Court will compel the delivery of the insignia and property, in order that the functions and duties of the office may be exercised." 18 R. C. L., 263.

While the title to public office cannot be adjudicated on an application for a mandamus, sufficient investigation may be made in such proceeding to ascertain whether petitioner has a *prima facie* title to the office or not. "A person holding a certificate of election or a commission from an officer or tribunal authorized to issue the same, and who qualifies and properly demands possession, has the *prima facie* right of possession as against a recalcitrant incumbent who holds over after his term expires." 38 Corpus Juris., 709.

The contention that the recommendation of the members of a delegation in the General Assembly for appointment to office must be made in a formal meeting of the delegation, due notice of which has been given to all the members, and that when a recommendation is so made it exhausts the power of the delegation to make any other recommendation, is a novel proposition, and is not supported by any authorities we have been able to find.

In a proceeding such as this the Court will give full faith and credit to the commission executed by the Governor, and will not undertake to go behind it. "The commission or certificate of election to the office in dispute and qualification thereunder is *prima facie* title to the office and the Courts will not in a mandamus proceeding to

compel the surrender of the office to the holder go behind the commission or certificate." 18 R. C. L., 262. See, also, *Thompson v. Holt,* 52 Ala., 491; 31 L. R. A., 351, annotations; *State ex rel. Atherton v. Sherwood,* 15 Minn., 221 (Gil., 172), 2 Am. Rep., 116; *State ex rel. Love v. Smith,* 43 Okl., 231, 142 P., 408, L. R. A., 1915-A, 832 and note.

The respondent may bring a civil action in the nature of *quo warranto* to test the title to the office even after he has been ordered to surrender the books and papers to the petitioner.

The petitioner is entitled to the relief asked for, and the judgment of this Court is that the necessary order or orders be issued to carry into effect our holdings.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.

Mr. Justice Cothran did not participate on account of illness.