### CITY OF TULSA et al. v. DISTRICT COURT OF TULSA COUNTY et al.

No. 26382. Sept. 25, 1935.

Rehearing Denied Nov. 5, 1935.

H. O. Bland, E. M. Gallaher, Milton W. Hardy, and Carl Ravis, for applicants.

Wm. Blake, R. L. Cruse, Wm. J. Melton, and Norman Barker, for respondents.

GIBSON, J. This is an original proceeding commenced by the city of Tulsa and its commissioners against the district court of Tulsa county and the judges thereof for a writ of prohibition restraining and prohibiting the respondents from assuming jurisdiction in a number of lawsuits filed in said court by certain individuals claiming to be police officers of said city.

The suits in question consist of 30 or 40 in number. The relators, in their application for leave to file the petition herein, set out a copy of the petition of C. H. Jones, the plaintiff in one of said suits, and allege that the petitions in each of said cases are in all respects substantially the same.

Jones charges that he was duly appointed to the office of policeman in the city of Tulsa 14 years prior to the 7th day of May, 1934, and had occupied said office and fulfilled the duties thereof until said date; that on said date he received a letter from C. F. Carr, chief of police of said city, on authority of the defendant O. W. Hoop, commissioner, whereby he was unlawfully and without right of hearing, or being given a chance to defend himself, in a summary and abrupt manner ordered to discontinue his duties, and told that his pay and salary as a policeman would on that date cease and terminate. It is further alleged that his position was unlawfully given to another, all of which was in violation of the law and the charter and ordinances of the city of Tulsa, and that he still is entitled to perform the duties of said office and to receive the salary therefor.

That portion of the charter which Jones alleges was violated is paragraph 30, article 11, which is in part as follows:

"* * * All policemen and firemen of the city of Tulsa shall hold their positions during good behavior, and shall not be removed from same except for such cause as in the opinion of the board of commissioners renders them unfit to remain in the service of the city, and after written notice, giving the grounds for such discharge or removal and an opportunity to be heard on such charges or reasons."

Jones seeks judgment for his salary from the time of his alleged illegal discharge to date, and judgment requiring the defendants to restore him to his position as policeman.

Petitioners say the writ should issue for the reason that the actions commenced in the district court are suits brought by private parties in an attempt to try title to public office; that they are actions in the nature of mandamus wherein the parties seek to be reinstated to public office and to oust the present incumbents. It is argued that the title to the offices will be an issue in all the cases, and that if it can be presumed that the title to office will be tried in course of the litigation, quo warranto is the proper and exclusive remedy. Ewing v. Turner, 2 Okla. 94. 35 P. 951; Kile v. Graham, 108 Okla. 179, 235 P. 524; Green v. Sammons, 142 Okla. 36, 284 P. 1115.

It is virtually conceded by Jones that his action is one in mandamus wherein he also seeks judgment for his salary as damages. It is well settled in this state that title to public office cannot be tried in a mandamus proceeding (Ross v. Hunter, 53 Okla. 423, 157 P. 85), and that quo warranto is the proper remedy in such cases. Green v. Sammons, supra, and cases there cited. While it has been generally held in many jurisdictions that policemen are not public officers in the strict sense, but merely employees (22 R. C. L. 397), we are of the opinion that where the office is created by statute, city charter, or ordinance, and appointment is made to fill such office in compliance with the terms and provisions of the law creating it, the person so appointed is a public officer and his title thereto ordinarily cannot be questioned by other claimants except by an action in the nature of quo warranto. Under the charter of the city of Tulsa a policeman is a public officer. 10 A. L. R. 201 Anno.; 4 C. J. 1405; 22 R. C. L. 379.

Jones, however, does not seek directly to oust another from the office he claims as his own. He says his removal was accomplished

illegally and that another was wrongfully appointed in his stead.

The paramount question is the legality of the acts of the commissioner in discharging the complaining party. There is, and can be, no issue between the party occupying the office and the plaintiff, Jones, in the present litigation. Title to the office as between Jones and one who may occupy a like position is not in issue. Jones is not concerned with the legality of the appointment of the present members of the police force of the city of Tulsa. He is concerned only with the legality of his removal as one of the members of that force. His title to the office depends upon the illegality of his removal. To determine that question would be, in effect, to determine his title to the office. That question is determined by the construction and interpretation of the provisions of paragraph 30, article 11, of the city charter. If under that provision Jones has never been removed, he is still a policeman. A construction of that law in connection with the allegations of his petition is the duty confronting the district court, and not to try title to the office as between Jones and some other claimant.

There are certain well-recognized exceptions to the rule that title to public office can be questioned only in quo warranto. The Supreme Court of Kansas, in C. E. Hempstead v. A., T. & S. F. Hospital Association, 210 P. 492, in discussing some such exceptions, stated as follows:

"It is often said that the title to an office cannot be tried in mandamus. This is a general, but not a universal, rule. Quo warranto is the proceeding adapted to the trial of the direct issue of the title to a public office, particularly when made between two contesting claimants. But, where a plaintiff asserts a right which is dependent upon his being a public officer, there is no inherent and compelling reason why the fact in that regard may not be determined in the proceeding in which it is asserted, although that happens to be mandamus. Bailey v. Turner, 108 Kan. 856, 197 P. 214."

Thus the Kansas court recognizes the principle that where title to public office becomes an incidental issue in the case, and the action is not between claimants to the office, such issue may be tried in mandamus.

Jones alleges he has not been legally discharged. The respondents allege now, or will allege, that he was legally discharged. That is the issue, and that issue is raised between the city of Tulsa and its commissioners on the one hand and Jones on the other. As to the merits of the case, this court may not inquire into the same in this proceeding.

For purposes of analogy, we may suppose that Jones was elected to the office in question, and held the certificate of election thereto executed by the proper authorities. If these same authorities should later take over the office and operate it through other parties, what would be Jones' remedy? Could he recover possession of the office by mandamus, or would he be compelled to resort to quo warranto to test the question of title as between himself and those persons presuming to exercise the official functions of the office? These questions have been answered to some degree by the Territorial Court in Ewing v. Turner, supra, as follows:

"* * * It is so well settled that mandamus will not lie to try the title to an office that the subject needs no discussion here or elsewhere. If the title is not involved, and the aid of the writ of mandamus were sought merely to obtain possession of the effects, moneys, and official belongings of the office, a different question would be presented. * * * And while it is true that quo warranto is the only method of determining disputed questions of title to public offices, yet a mere groundless assumption of an election on the part of the respondent and a pretended exercise of the functions of the office de facto, will not deter the court from granting the mandamus. * * *"

How would the question of "groundless assumption of an election on the part of the respondent" be determined? Would not the court look first to the claim of the petitioner? From an examination of the cases involving this question it appears that if the petitioner has a clear legal right to the thing demanded and his claim is substantially free from doubt, he is entitled to the writ of mandamus. Ross v. Hunter, 53 Okla. 423, 157 P. 85. If the court will not, in a mandamus action, examine into the title of the petitioner to any extent in such cases, such action on the part of the court would be equivalent to assuming no jurisdiction in the matter.

However, if the petitioner's certificate of election is valid upon its face, and the validity thereof is not questioned, the court will grant the writ. If the respondent should set up as a defense that the petitioner's term had expired, the court would then determine that question from the provisions contained in the certificate of election and by applying the laws governing the tenure of that particular office.

In the present case Jones' appointment was admittedly legal. This appointment is analogous to a certificate of election. His

appointment under the city charter was to extend until legally discharged. That provision in the city's law relative to discharge of such officers became an integral part of his appointment and remained so until repealed. To determine whether or not he was legally discharged would involve no different character of issue than to determine the tenure of office under a certificate of election. The court must determine the question as to when, if ever, the appointment expired.

The issue involved in determining the expiration of an official appointment is not the character of issue referred to in the rule pertaining to trial of title to public office as expressed in State ex rel. Shepard v. Crouch, 31 Okla. 206, 120 P. 915, and other cases, as follows:

"When the question of the right or title to an office is put in issue, mandamus is not the form of action; the appropriate remedy being an action in the nature of a quo warranto."

The validity of the title to the office is not in issue in this case. The issue is, or will be, whether or not Jones' appointment has expired. That question is for the district court to hear and determine.

This issue may properly be determined in an action of mandamus, and the writ of prohibition should not issue in such case where the action is properly cognizable by the district court. Whether or not such writ should issue is governed by the rule expressed in Hirsh v. Twyford, 40 Okla. 220, 139 P. 313, as follows:

"On application for prohibition the only inquiries permitted are whether the inferior court is exercising a judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it, and, consequently this court will not investigate the merits of the cause before the inferior court."

We see no indication of a threatened attempt on the part of the lower court to exercise excessive or an unauthorized application of judicial force in the cases in question.

This court has not construed the provisions of that portion of the Tulsa city charter under consideration, and the district court has jurisdiction of the parties and the subject-matter, and this court will not deprive it of the right to construe said provisions and apply the same to the allegations of the different petitions filed, where the unsuccessful party has an adequate remedy by appeal.

The relators not having shown a clear right to the writ, the same will be denied.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, and CORN, JJ., concur. PHELPS, J., absent.