CAFFEY v. VEALE, Mayor, et al.

No. 31508. Jan. 25, 1944.

*145 P. 2d 961.*

Hudson & Hudson and Coffey & Coffey, all of Tulsa, for plaintiff in error.

W. L. Eagleton and G. C. Spillers, both of Tulsa, for defendants in error.

BAYLESS, J. W. V. Caffey petitioned the district court of Tulsa county for a writ of mandamus to compel C. H. Veale, mayor, and W. F. Graham, D. H. Pratt, S. R. Smith, and Thomas I. Munroe, comprising the board of commissioners of the city of Tulsa, Okla., to approve the surety bond which he tendered to them as a part of his effort to qualify for the office of chief of police of said city pursuant to an appointment of him to that office theretofore made by said board of commissioners. Upon trial of the matter the district court denied the petition, and Caffey appeals from that ruling.

In his brief, Caffey presents several propositions, but these group themselves into two main points. In the brief filed by the defendants their arguments follow generally the outline of Caffey's. For the purpose of this appeal we state the two main propositions which Caffey presented, which the parties argued, and which we think are controlling. These two contentions may be stated thus: (1) Where the claimant to an office presents written evidence clearly establishing his right thereto, mandamus is a proper remedy and should be granted as a matter of right and the court should not permit the introduction of evidence respecting the legality or illegality of the written evidence presented; and (2) Where all of the members of a city council are present and upon a given proposition one votes in the affirmative and four "pass" votes, the "pass" votes are in effect affirmative votes and the proposition stands adopted by five yea votes and no nay votes. Before proceeding further with a discussion of these issues, we think it proper to make a statement of the evidence which Caffey presented and the general tenor of the evidence which the trial court permitted the defendants to introduce.

Caffey presented the minutes of the meeting of the board of commissioners relating to his nomination and appointment and confirmation to the office of the chief of police, and. we quote his exhibit "2":

"Minutes of a Recessed meeting of the Mayor and Board of Commissioners of the City of Tulsa, Oklahoma, held in the City Hall, Tulsa, Oklahoma, on the 5th day of May, 1943, at ten o'clock a. m., the same being a meeting designated for the purpose of transacting any and all business that may come before the meeting.

Mayor Veale present and presiding.

Roll Call disclosed the following members in attendance:

Pratt  present  Graham  present
Smith  present  Munroe  present
present 4 absent 0.

RE: APPOINTMENT, Chief of Police: The Mayor stated that among other matters, this recessed session is held for the purpose of considering the appointment of a Chief of Police and a Chief of Detectives; that due to the fact that Mr. Caffey's name did not receive any negative votes in yesterday's ses-

sion, he considers that his name had not been rejected for the office of Chief of Police, and he therefore placed in nomination the name of Mr. W. V. Caffey for the office of Chief of Police of the City of Tulsa for the period of one year from this date, at a salary of $4,050.00 per annum.

"Commissioner Smith thereupon asked why the nomination was being re-presented.

"Commissioner Munroe stated that Mr. Caffey's nomination received four 'pass' votes, and only one affirmative vote; that, according to the Charter, he should receive at least three affirmative votes; that he thought this unwise, and that a lawsuit could be avoided.

"The Mayor then stated that there was only one affirmative vote, being that cast by himself, but that all members of the Commission were present and given the opportunity to vote, but that they saw fit to pass their votes, and he stated that he was offering them another opportunity to vote on this nomination, due to the fact that Mr. Caffey's name had not been rejected and the appointment denied.

"The Mayor then ordered the roll called, which showed the following result:

Roll Call

Pratt  pass  Graham  pass
Smith  pass  Munroe  pass
          Mayor  yea

Yeas 1 passes 4, noes 0, absent 0

"The Mayor thereupon declared that by the action of the members of the Commission, Mr. W. V. Caffey had been confirmed as Chief of Police for the City of Tulsa, due to the fact that no negative votes were cast against him, that the membership of the Commission was present and given an opportunity to vote for or against the nomination, but in preferring to 'pass' their votes, he declared all votes cast were in the affirmative, and he then and there declared Mr. W. V. Caffey confirmed as Chief of Police."

Caffey then presented the minutes of a meeting of the board on May 7, 1943, at which time he presented his bond, and we quote a portion of this exhibit which sufficiently shows the action of the board:

"*Bond—W. V. Caffey, as Chief of Police:* Bond of W. V. Caffey as Chief of Police of the City of Tulsa, in the amount of $2,500.00, National Surety Corporation, surety, presented. Moved by Graham, seconded by Pratt that the bond be not approved.

Roll Call: Pratt yea   Graham yea
          Smith yea   Monroe no
                  Mayor no
          yeas3   noes 2   absent 0
                  Carried.

"Commissioner Munroe then stated that Mr. Caffey had been legally confirmed as Chief of Police, and the bond should be approved."

At this point Caffey rested and when the demurrer of the Commissioners Pratt, Smith, and Graham, who are in reality Caffey's opponents in this matter, was overruled, these commissioners thereafter, over the strenuous objections of Caffey, introduced certain evidence. Among the items of evidence introduced was the minutes of a meeting of the board prior to May 5th, at which time Caffey had been nominated for the office of chief of police by the mayor and upon which nomination the mayor cast a vote of yea and the other four commissioners voted "pass." In addition to this, the defendants introduced minutes of meetings of the board subsequent to May 5th, showing certain actions which they took in an effort to rescind or avoid or explain the effect which the mayor gave to their "pass" votes of May 5th. In addition to this, over the strenuous objections of Caffey, the trial court permitted these defendants to testify concerning their motives and purposes in voting "pass" and to establish a custom of long standing in the conduct of the affairs of the city to the effect that a vote of "pass" was in effect no vote whatever. For the purpose of this opinion we do not consider further this effort to prove custom.

The authorities cited by Caffey to the effect that a person who holds a certificate of election or appointment to an

office or position that is fair and valid on its face may obtain possession of the office by mandamus, and that the proceeding is not suited to try the title to the office, include 35 Am. Jur. page 11, sec. 232; and annotation in 84 A.L.R. 1139, and a number of Oklahoma decisions, among which are Ross v. Hunter, 53 Okla. 423, 157 P. 85; and Love v. Smith, 43 Okla. 231, 142 P. 408. No fault is found with this rule or the effect of the authorities cited. However, these same authorities make it equally plain that if the certificate or written evidence which the claimant to an office offers in support of mandamus is equivocal or is impeached by an admitted fact or contains qualifying or explanatory matter, it does not present the clear right to the office that precludes resistance and compels judgment without more. In such instances, it is subject to being bolstered up or explained by the claimant and to opposition and impeachment by opponents. The course of receiving evidence to sustain or oppose the claim does not amount to trying title to the office. In this instance we are not told that there was another claimant to the office. All of the evidence received affected Caffey's claim. In these circumstances, we hold that the trial court clearly was correct in permitting the defendants to introduce explanatory evidence. An aspect of the introduction of explanatory evidence finds its way into the determination and application of the rule of law which Caffey seeks to have applied under his second proposition. In some of those cases the rule he urges was not applied because of evidence explanatory of "pass" votes. We hold that Caffey's complaints of error with respect to the introduction of evidence are without merit.

We now come to the second proposition briefed by Caffey, which requires us to determine whether the failure of the four commissioners to vote either yea or nay and the statement of "pass" amounts to an acquiescence in the mayor's yea vote so as to constitute affirmative or yea votes. In other words, does simple nonaction or abstention from voting nay amount to a vote of yea in Oklahoma?

Caffey contends that the rule he urges has not had the consideration of this court although he cites Hartford Accident & Indemnity Co. v. City of Sulphur, 123 Fed. 2d 566, as persuasive since it is a decision that involves a somewhat similar issue arising in Oklahoma. Defendants assert that that decision has no persuasive force because it is contrary to Russell v. Murphy, 177 Okla. 255, 58 P. 2d 560; and Redmond v. Incorporated Town of Sulphur, 32 Okla. 201, 120 P. 262, supporting their views.

We do not agree with Caffey that the rule he seeks to have declared the law in Oklahoma should be adopted. It is our opinion that the act of voting in Oklahoma, for whatsoever purpose, is a positive act whereby the person makes known an affirmative or negative position; and that no presumption should be indulged that a voter who does not vote yea or nay is thereby to be counted among those who vote yea, especially where it is necessary to so count in order to support the adoption of the matter under consideration.

The only instance that has come to our attention wherein the laws of this state have undertaken to give an affirmative or negative cast to the failure to vote yea or nay relates to amendments of the Constitution under article 24, sec. 1, whereunder it has been held in State ex rel. Hayman v. State Election Bd., 181 Okla. 622, 75 P. 2d 861, that silent votes are, in effect, negative votes because of the requirement of the Constitution that such a proposed amendment to the Constitution shall receive "a majority of all the electors voting at such election."

We are of the opinion that the two Oklahoma decisions cited by defendants sufficiently state a rule contrary to the one Caffey seeks to have applied.

In the Sulphur Case the town council was composed of seven members, and the governing law required a two-third vote of the members comprising the council to accomplish certain actions. In

the particular instance six members were present and four voted yea and two passed their votes. We held that four did not constitute two-thirds of seven and the action failed. We did not hold that the two members who passed their vote thereby acquiesced in the yea vote of the four and amounted to affirmative votes.

The same rule was applied in Russell v. Murphy, supra. Of a nine-member council, requiring a three-fourths vote to accomplish certain action, six voted yea, two votes nay, and one did not cast a vote. No value was given to this one member's failure to vote.

In each of these cases this court could have applied the rule Caffey urges and thus have established an affirmative action on the part of the respective councils. We did not and are not persuaded by the authorities cited by Caffey that we should have done so.

The judgment appealed from is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, HURST, and ARNOLD, JJ., concur. WELCH and DAVISON, JJ., absent.