ARTERBERY et al. v. HARGROVE et al.

No. 32317.   Oct. 1, 1946.

172 P. 2d 990.

Bruce & Rowan, of Oklahoma City, for plaintiffs in error.

A. V. Dinwiddie, of Guthrie, for defendants in error.

BAYLESS, J. A. C. Arterbery et al. appeal from a judgment of the district court of Logan county denying them a writ of mandamus directing S. L. Hargrove et al. to surrender to them certain offices and the records and appurtenances of the municipality of the town of Langston.

It appears that the plaintiffs were the successful candidates for the respective offices they sought at an election held in that town in April, 1945. However, there was some controversy over the legality of the election, and as a result the county election board of Logan county refused to certify the results of the election or issue certificates of election to plaintiffs. Also, the incumbents, the defendants herein, refused to surrender the offices on the ground that no valid election was held.

It is urged by defendants, and with merit so we think, that mandamus is

not the proper remedy under this record. Both sides cite authorities in support of their positions, but the difference between the rules of law relied upon is plainly pointed out by the recitation of the facts above.

This court has held that one who holds a prima facie title to a public office may obtain possession there by mandamus. Ross v. Hunter, 53 Okla. 423, 157 P. 85; and in later cases this statement is referred to as a correct rule in proper cases. However, it has been held also that a prima facie case is not made out where the petitioner in mandamus presents a title to office that is questioned or qualified or impeached. Caffey v. Veale, 193 Okla. 444, 145 P. 2d 961, and the authorities cited therein. City of Tulsa v. District Court, 174 Okla. 470, 51 P. 2d 511, contains an excellent discussion of the application of these two rules.

Plaintiffs' situation at the time of the trial was this: Defendants attacked the validity of the election held; the plaintiffs held certificates or writings, signed by the secretary of the election board only, that were not recognized by the other members of the board; and the office holders they were seeking to oust were resisting their claims to the offices. Under such circumstances they had no prima facie title to the office, and before a court could grant them relief with respect to their claims of right to the offices it would be necessary to determine who had the better right to the offices, that is, try the title to the office. This cannot be done by mandamus.

The judgment appealed from is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, WELCH, and DAVISON, JJ., concur.