The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Is it permissible under Oklahoma law for a municipal employee, i.e., a policeman or a fireman, to be a candidate for the state legislature and hold his office as such municipal employee? "2. Is it permissible under Oklahoma law for a municipal employee, i.e., a policeman or fireman, to serve simultaneously as such employee of a municipal government and in the state legislature ?" With regard to your first question, the provisions concerning qualifications for becoming a candidate for the State Legislature are found in 14 O.S. 80 [14-80] and 14 O.S. 108 [14-108] (1973). These statutory provisions set out residence requirements only. There appears to be no provisions under State law preventing candidacy for legislative office due to the candidate being a municipal employee. However, individual city ordinances may restrict employees who seek public office, and these should be considered in individual cases. As to your second question, Title 51 O.S. 6 [51-6] (1971) applies to those elected to office: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State. Provided, that the provisions of this Section will not apply to notaries public and members of the Textbook Commission." The essentials of what constitutes a public office have been set out by the Supreme Court of Oklahoma: "Many authorities hold that the chief elements of a public office are: (a) The specific position must be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they must involve the exercise of some portion of the sovereign power, 'a position which has these three elements is presumably an "office", while one which lacks any of them is a mere "employment." ' Winsor v. Hunt, 29 Ariz. 504, 243 P. 407, 413." Oklahoma City v. Century Indemnity Co., 178 Okl. 212, 62 P.2d 94 (1936). It may be said as a matter of law that the office of legislator, whether senator or representative, meets this definition. It is likewise well settled that a full-time police officer meets the definition of a public officer. In City of Tulsa, et al. v. District Court of Tulsa County, et al., 174 Okl. 470, 51 P.2d 511 (1935) it was stated: "* * * While it has been generally held in many jurisdictions that policemen are not public officers in the strict sense, but merely employees (22 R.C.L. 397), we are of the opinion that where the office is created by statute, city charter, or ordinance, and appointment is made to fill such office in compliance with the terms and provisions of the law creating it, the person so appointed is a public officer and his title thereto ordinarily cannot be questioned by other claimants except by an action in the nature of quo warranto." See also Atty. Gen. Op. No. 77-180. Holding both the office of legislator and that of police officer then, violates 51 O.S. 6 [51-6] (1971). While an individual officer could become a candidate for the Legislature, upon assumption of that office that individual vacates the first position held. Gibson v. Crowder, 196 Okl. 406, 165 P.2d 628 (1946). As to the more general category of municipal employee, including such categories as fire fighters, volunteer or part time police officers, these would need to be taken case by case, based on questions of fact, which cannot be answered as a matter of law. 74 O.S. 18b [74-18b] (1971). It is, therefore, the official opinion of the Attorney General that: 1. A municipal employee, i.e. a police officer or a fire fighter may be a candidate for the State Legislature without relinquishing the office of a municipal employee. 2. Upon assumption of legislative office, a police officer must relinquish his position as police officer as a matter of law as both the position of legislator and the position of police officer are public offices. 3. Whether municipal employees other than full-time police officers may serve as legislators depends on whether such municipal employment constitutes a public office, which is a question of fact, and may not be answered as a matter of law. (WILLIAM W. GORDEN, JR.) (ksg)