### E. R. NELSON v. W. R. EDWARDS.

(Case No. 1085.)

1. CENSUS — CONSTITUTIONAL LAW — COLLECTOR OF TAXES.— In determining whether a sheriff elected in 1880 was, under section 16, art. VIII, of the constitution of 1876, also *ex officio* collector of taxes by reason of his county containing less than ten thousand inhabitants, under the "last preceding census of the United States," the list of the enumerator taking the tenth census for the county, if duly certified as such, and filed in the office of the county clerk, prior to his election, will govern.

2. MANDAMUS.— It is well established that *mandamus* is the remedy to restore one to an office from which he has been illegally ousted, or to place him in possession of one illegally detained, and to cause delivery of its papers, books and archives.

APPEAL from Titus. Tried below before the Hon. B. T. Estes.

[No briefs are on file with the record.]

BONNER, ASSOCIATE JUSTICE.— The case as made by the original petition of appellee Edwards, plaintiff below, is in effect, that, by virtue of having been duly elected sheriff of Titus county at the general election held on November 2, 1880, he was also collector of taxes, under section 16, article VIII, constitution of 1876; said county having under the tenth census less than ten thousand inhabitants. That he had taken the oath, given the bond as collector of taxes, and otherwise qualified fully as required by law, and hence was, of right, entitled to the

office and the books, papers, etc., belonging thereto, and the emoluments thereof. That appellant Nelson, defendant below, wrongfully and without authority of law holds himself out as such collector and is exercising the rights, powers, privileges and duties thereof, and has wrongfully and illegally seized and taken possession of all the books, papers, blanks, furniture and appurtenances belonging to the office. He prayed for an injunction to restrain Nelson from performing or attempting to perform the duties of the office; that Nelson be required and commanded to deliver up said books, etc., and for general relief. Although in the original petition an injunction was sought, yet by amendment the action is virtually changed to one in *mandamus*.

It has long been decided by this court that *mandamus* is a proper writ to restore a party to an office from which he has been illegally ousted, or to put him in possession of one which is illegally detained from him, and to cause its books, papers and archives to be delivered into his possession. Banton *v.* Wilson, 4 Tex., 400.

As thus presented, the pleadings of Edwards set up a good cause of action, and the court did not err in overruling Nelson's general demurrer. The case, however, as made by the evidence, was a different one from that made by the pleadings. As shown by the statement of facts, Edwards, as alleged, was duly elected sheriff of Titus county, but as under the ninth census, taken in 1870, that county had over ten thousand inhabitants, Nelson had been elected collector of taxes at said election, and had duly qualified and been commissioned as such. That in fact Edwards had never qualified as collector, as he had alleged, but that his bond had been rejected by the commissioners' court. Neither the pleadings nor the evidence disclosed the ground upon which the bond was rejected. It was neither alleged or proven to have been a good and sufficient bond. It may have been rejected because not

a good bond, or because, in the opinion of the commissioners, Nelson, and not Edwards, was entitled to the office. However this may have been, in our opinion the case as made by the evidence was so variant from that made by the pleadings as to defeat the right of Edwards to recover.    Hall *v.* Jackson, 3 Tex., 309.

Edwards may not have tendered a good and sufficient bond in the first instance, and may never do so, and the law will not permit him to litigate a mere abstract right to an office.    If, however, he did tender a good and sufficient bond, and it was rejected because, in the opinion of the commissioners, Nelson, and not Edwards, was entitled to the office, then the proceeding should have been, not against Nelson alone, but against the commissioners also, to compel the approval of the rejected bond.    In this way, both the right to the office could have been contested, and if in favor of Edwards, the appropriate remedy by *mandamus* could also have been applied.

As Edwards may desire to make the additional parties, and by proper averments and evidence seek to bring himself within the view of the law above laid down, the case will not be reversed and dismissed, but will be reversed and remanded for this purpose. · It is therefore proper that we indicate our opinion upon one of the questions presented by counsel for appellant Nelson, although appellee Edwards has made no appearance by brief or otherwise.    This question is, whether, in determining the validity of the respective rights of the parties, the ninth census, being that of 1870, or the tenth, being that of 1880, should govern.    The section of the constitution appealed to is as follows:

" The sheriff of each county, in addition to his other duties, shall be the collector of taxes therefor.    But in counties having ten thousand inhabitants, to be determined by the last preceding census of the United States, a collector of taxes shall be elected to hold office for two

years and until his successor shall be elected and quali-
fied." Const. 1876, art. 8, sec. 16.

The evidence shows that the list of the enumerator
taking the tenth census for Titus county was duly certi-
fied as such, and filed in the office of the county clerk of
said county, as required by the act of congress. Sec. 6,
ch. 57, Second Session 46th Congress. By the original
act to provide for taking the tenth census (sec. 19, ch.
195, Third Session 45th Congress), the enumeration was
required to be commenced on the first Monday in June,
1880, and to be completed and forwarded to the super-
visor of the proper district by the 1st day of July, 1880.
By the amended act (sec. 6, ch. 57, Second Session 46th
Congress), the above list was required to be made and
filed in the office of the county clerk, by the enumerator,
immediately after completing the work for his district,
and the time for making his return was extended fifteen
days. Hence the list must have been filed in the county
clerk's office of Titus county for more than three months
prior to the election in November, 1880. We have not
been referred to any law, and none has come under our
observation, which declares that the census shall not take
effect until proclamation is made therefor. The act it-
self says that the enumeration shall commence on the
first Monday in June, " and be taken as of that date."
Sec. 19, ch. 195, Third Session 46th Congress.

So far, then, as we are advised, it would seem that, for
the purposes of the question now before the court, the filing
the list in the office of the county court would be sufficient
evidence of the census for that county, in the absence of
any allegation and testimony that it was not correct. We
are strengthened in this view in the present case, by the
fact that we take judicial notice that the county of Titus,
in 1880, did not include all the territory that it did when
the ninth census was taken, but that between the dates
of the ninth and the tenth census a part of this territory

was given to the counties of Morris and Franklin. Pasch.
Dig., art. 411; R. S., arts. 909, 781, 863. Hence, in a
strict sense, it cannot be said that there had ever been a
"preceding census" for Titus county as it now exists.
It will be recollected that under the above section of the
constitution of 1876, *prima facie* the sheriff is the col-
lector of taxes, and that the exception applies to counties
of ten thousand inhabitants; and that a party, to avail
himself of this exception, should show that he comes
within it.    Doubtless similar views to the above influ-
enced the learned judge who presided on the trial below
to decide in favor of appellee Edwards, but for the error
indicated in the first part of this opinion, the judgment is
reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 25, 1881.]