## JEWITT v. WEST.

No. 4301.   Opinion Filed October 22, 1912.

(127 Pac. 476.)

**SCHOOLS AND SCHOOL DISTRICTS—Clerk of School District—Vacancy—Appointment—Mandamus.** A certificate of appointment to the office of clerk of school district No. 105 of L. county ''to fill the vacancy caused by the resignation of J. A. Hyles to continue in office until the next annual meeting and until his successor is elected and qualified,'' dated March 8, 1912, and signed by the county superintendent of that county, is **prima facie** evidence of title to that office, and entitles the appointee to maintain mandamus against one claiming the office, by virtue of an unauthorized election. held at the next annual school meeting of that district and a certificate of election issued pursuant thereto, to recover of him the paraphernalia thereto belonging.

(Syllabus by the Court.)

*Error from District Court, Lincoln County;*
*Chas. B. Wilson, Judge..*

Action by Thomas J. West against J. W. Jewitt. Judgment for plaintiff, and defendant brings error. Affirmed. ,

*Devcreux & Hildreth* and *Hepburn & Chappell,* for plaintiff in error.

*Geo. B. Rittenhouse* and *F. A. Rittenhouse,* for defendant in error.

TURNER, C. J. This is an action in mandamus brought by the defendant in error, Thomas J. West, against the plaintiff in error, J. W. Jewitt, to require him to turn over the paraphernalia belonging to the office of the clerk of school district No. 105 in Lincoln county. The motion, in the. shape of a petition, substantially states that said school district was organized in May, 1893; that on June 7, 1910, J. A. Hyles was elected clerk thereof for three years, and that his term would have expired in June, 1913; that on or about March 8, 1912, said Hyles resigned as such, and on that day the county superintendent appointed Thomas J. West to fill the vacancy caused by the resignation of

said Hyles; that said West thereupon qualified as such clerk. A copy of his appointment is attached as an exhibit. The motion further recites that said West is entitled to and does hold said office during the remainder of the term of said Hyles; that, notwithstanding his appointment to hold the same up to and including the first Tuesday in June, 1913, said school district held an election on June 4, 1912, and pretended to elect the defendant Jewitt as clerk of said district; that said West not knowing his rights in the premises, and by some mistake of fact between plaintiff and defendant on June 4, 1912, turned over and delivered to defendant a part of the property belonging to said office, consisting of the minute books, blanks, records, and other paraphernalia pertaining thereto; that on June 14, 1912, plaintiff demanded of defendant their return, which was refused, and, after alleging that he is without adequate remedy at law and unless granted relief irreparable injury will ensue to him, plaintiff prayed and was granted an alternative writ of mandamus. For answer to the alternative writ containing the allegations of the motion, defendant admits, in substance, all the allegations therein contained, and says that at the regular school election held pursuant to notice on June 4, 1912, he was regularly elected as clerk of said district; that he immediately qualified, took the oath of office, entered upon the discharge of its duties, and is now the regular qualified and acting clerk of said district. As an exhibit he files the minutes of the annual school meeting of said district of that date. He further alleges that said West was present at said meeting, and was a candidate for clerk and participated in said election; that there was no remedy by mandamus under the facts in this case, but that plaintiff's remedy, if any, was by *quo warranto*. For further answer he says: "That on the 7th day of June, 1912, at the town of Carney, the said plaintiff herein, T. J. West, resigned and relinquished all of his claim to the office of school district clerk of school district No. 105, and that by said resignation the said plaintiff herein has no claim or right to maintain this action, because he has forfeited, relinquished, and resigned the same, and this defendant is in possession of said office and of the paraphernalia thereof, and is ad-

ministering the affairs of said office," and prayed that the writ
be quashed. The record fails to disclose that there was judgment
for plaintiff on the pleadings and hence we cannot consider an
assignment of error based upon that premise. After trial on
the merits judgment was entered as follows:

"Now on this, the 15th day of August, 1912, the above-en-
titled cause comes on for hearing upon the alternative writ of
mandamus and the return of the alternative writ of mandamus,
and the court, after hearing the evidence in said case and the ar-
guments of counsel, finds that the plaintiff, Thos. J. West, has
the *prima facie* title to the office of clerk of school district No.
105, in Lincoln county, Okla., and that he is entitled to the imme-
diate possession of the property and effects belonging to said
office, to wit" (describing it)

—and ordered the peremptory writ to go. Defendant brings the
case here.

As the pleadings herein are required to consist only of the
writ and answer (Comp. Laws 1909, sec. 6232), there being no
evidence tending to show said resignation and no point of law
raised thereon in the briefs, we will not further consider it.

Conceding, in effect, the absence of authority to hold the
election, the result of which was declared to be the election of
defendant to the office of clerk of the district, defendant con-
tends "that where a party holds an office by color of title, as
Jewitt does in this case, although there may have been no au-
thority for the election, and the certificate issued wrongfully
given, yet, having the possession of the office as Jewitt has in
this case, he is a *de facto* officer, and his right to the office is
good until it is attacked by *quo warranto,* and his title cannot
be questioned by mandamus."

By plaintiff it is contended that as he was appointed to fill
the vacancy, and thereby entitled to "continue in office until the
next annual meeting thereafter and until his successor is elected
and qualified" (Comp. Laws, sec. 8056), he has a right to hold
until June, 1913; that as holder of the superintendent's certificate
of appointment he holds the *prima facie* title to the office; and
"that in the absence of a constitutional or statutory provision
authorizing an election to be held to fill a vacancy, such an

election cannot be held, and that if the same is held and a party is elected, as in the case at bar, to fill a vacancy, his election to such office is void, and that credentials issued pursuant to said election are insufficient to make him a *de facto* officer, and that any claim he might make to said office would be only colorable." Thus we are confronted with a situation similar to that which met us in *Matney v. King,* 20 Okla. 22, 93 Pac. 737, and the question for us to determine is which of these contending parties holds the *prima facie* title to this office. In that case the court said:

"The foregoing case (*Delgado v. Chavez* [140 U. S. 586, 11 Sup. Ct. 874], 35 L. Ed. 578) undoubtedly sustains the doctrine that, where two persons claiming title to the office of clerk of the district court present their credentials on which they based their claim to the office to the judge of the district court, and each request the court to recognize him as such clerk, it is the duty of the judge to examine such credentials for the purpose of determining which one of the claimants holds the *prima facie* title to the office, and such examination does not constitute passing upon the title to the public office."

Accepting, then, the concession that no authority existed to hold the election the result of which was to declare Jewitt elected, does this, together with his certificate of election, assuming one to have issued, confer on him *prima facie* title to the office? If no such authority existed, then defendant's election was without warrant of law, and therefore merely colorable and void, and his certificate insufficient to confer *prima facie* title to the office.

*Matney v. King, supra,* was mandamus to compel the respondent to recognize relator as clerk of the district court. In support of his *prima facie* title to the office he relied upon a certain certificate of election. As a return to the alternative writ respondent alleged that one Bucher claimed *prima facie* title to the office by certificate subsequently issued, pursuant to an erroneous construction placed upon section 16 of the election ordinance. These two certificates of election were examined by this court under all the facts in the case, and the certificate of petitioner held to constitute *prima facie* title to the office, and the writ ran

after the court had held that Bucher's certificate was palpably without legal warrant and void. The court said:

" 'Title to public office, based upon mistakes of fact or misconceptions of law, may impart a color or right which will bar the allowance of a mandamus; but palpable disregard of law renders the action whereby an office is seized merely colorable, and in a clear case will be brushed aside as affording no obstruction to the exercise of a plain legal duty.' *State of New Jersey v. Mayor,* 52 N. J. Law, 332, 19 Atl. 780, 7 L. R. A. 697. This is also a rule at common law. Thus in *Rex v. Bankes,* 3 Burr. 1452, Lord Mansfield proposed, upon the argument, that affidavits be laid before him that he might determine whether it was a doubtful election and fit to be tried upon an information in the nature of a *quo warranto,* or whether it was merely colorable, and clearly void, saying that in the former case the court might not grant a mandamus, while in the latter case they ought."

We are therefore of opinion that defendant's election and the certificate issued pursuant thereto were void, and afforded him no evidence of title to the office, and being an intruder therein, and wrongfully in possession by seizure of its paraphernalia, that mandamus is the proper remedy to compel him to turn them over—that is, if plaintiff himself has *prima facie* title to the office—for it is said in *Ewing v. Turner,* 2 Okla. 94, 35 Pac. 951:

"While it may be true that the courts will sometimes inquire incidentally into the title to the office in determining who is entitled to the official belongings thereof, yet no case can be cited where the court so held, unless the relator, at the same time, proved in himself at least a *prima facie* title thereto."

But of this there can be no question. Plaintiff holding, as he does, the certificate of appointment to the office "to fill the vacancy caused by the resignation of J. A. Hyles, to continue in office until the next annual meeting and until his successor is elected and qualified," of date March 8, 1912, and signed by "P. G. Rawdon, County Superintendent Lincoln County, Okla.," evidencing the *prima facie* title to the office, is entitled to the belongings thereto, the same having been parted with to defendant by mistake of fact.

The judgment of the trial court is affirmed.

All the Justices concur.