### ELLIOTT et al. v. STATE ex rel. KIRKPATRICK.

No. 22321. Opinion Filed June 9, 1931.

Rehearing Denied July 14, 1931.

N. E. McNeill, for plaintiffs in error.

O. H. Searcy, P. L. Long, and J. B. Underwood, for defendant in error.

RILEY, J. Judgment below granted a peremptory writ of mandamus requiring

plaintiffs in error and each of them to deliver the books of their office (justice of the peace) to the relator. Respondents below appeal.

The relator was elected justice of the peace at the general election held in district No. 4, Tulsa county, Okla., November 4, 1930. He received his certificate of election, took the required oath of office, executed and filed bond on January 5, 1931. Respondents, long prior to the date mentioned, had acted as justice of the peace in said district. Their terms expired on January 5, 1931. They possessed the justice of the peace dockets, files, papers, supplies and the like, which they declined to deliver to relator, notwithstanding the board of county commissioners, by resolution, designated relator as the successor in office of respondents.

Respondents below, Asbury Burkhead and Floyd V. Freeman, did not appeal. Respondents Elliott, Chase, and Daily constitute the plaintiffs in error.

Article 1, ch. 246, S. L. 1929, is the statute here involved.

It provided:

"Section 1. That section 3424, C. O. S. 1921, is hereby amended to read as follows:

"Section 3424. Each incorporated city or town, having more than 1,500 inhabitants shall constitute a justice of the peace district; and there shall be elected therefor, as provided in this article, one justice of the peace and one constable; provided that in all cities of more than 2,500 inhabitants, two justices of the peace and two constables shall be elected; and provided, further, that in cities of more than 25,000 inhabitants there shall be elected an additional justice of the peace, and an additional constable for each 50,000 inhabitants, or major fractional part thereof in excess of said 75,000 inhabitants, according to the last federal census."

M. B. Flesher (C.-M. 33-85-89) testified that in 1930, he was district census supervisor; that on May 18, 1930, he made, executed, and published a preliminary but official report of the census of the city of Tulsa. The record contains a copy of this census announcement showing the population of the city of Tulsa as announced May 17, 1930, to be 140,531 persons as compared with 72,075 persons on January 1, 1920.

All of plaintiffs in error were defeated for the offices of justice of the peace in the elections of 1930. They seek to "hold over."

The reasoning adopted by the trial court in arriving at its conclusion of an authorization for four justices of the peace for the city of Tulsa under the Act of 1929, supra, is said to be as follows:

In all cities of 2,500 population there shall be two justices of the peace, and immediately thereafter there is a further proviso that in all cities of more than 25,000 inhabitants there shall be elected an additional justice of the peace for each 75,000 additional inhabitants or major fractional part thereof.

Applying such construction to the Tulsa preliminary census announcement of 140,531 population, two justices of the peace are accounted for out of the first 25,000 population, leaving a balance of population in the figure of 115,531 from which is subtracted 75,000 specified in the act, and there is added another justice of the peace to be elected. The balance of population is 40,531, which is a major fractional part of 75,000 entitling the city of Tulsa to elect a fourth justice of the peace. Key v. Donnell, 107 Okla. 157, 231 Pac. 546; In re Protest of C., R. I. & P. Ry. Co., 137 Okla. 186, 279 Pac. 319.

It appears that officers charged with application of the election laws have so construed the provisions of the act in question; consequently, as in Hoffman v. County Commissioners, 3 Okla. 325, 41 Pac. 566, and Murrow Indian Orphans Home v. Featherstone, 85 Okla. 150, 204 Pac. 1110, we accept the rule of law that: Where the meaning of a statute is doubtful, great weight is given to the construction placed upon it by the department charged with its execution. See, also, Ex parte Tony L. Axtell, No. A-7999, a decision of the Criminal Court of Appeals, filed April 12, 1930, — Okla. Cr. —, 288 Pac. 350, wherein is considered the act here in question.

We cannot say the judgment or reasoning of the trial court upon this proposition was in error.

It is contended that mandamus is not the proper remedy, for, it is urged, this is an action to try title to office, which should be tried in the nature of quo warranto proceedings. We cannot agree.

The title to office of justice of the peace is only incidentally involved. The relator holds prima facie title to the office by reason of his certificate of election. Mandamus is available to him for the purpose and objects herein sought. Cameron v. Parker, 2 Okla. 277, 38 Pac. 14; Matney v. King, 20 Okla. 22, 93 Pac. 737; Ellis v. Armstrong, 28 Okla. 311, 114 Pac. 327; Mitchell v. Carter, 31 Okla. 592, 122 Pac. 691; Jewitt v. West, 33 Okla. 703, 127 Pac. 476; State ex rel. v. Smith, 43 Okla. 231, 142 Pac. 408, L. R. A. 1915A, 832; Ross v. Hunter, 53 Okla. 423, 157 Pac. 85.

The only judgment that could be rendered in favor of relator in quo warranto proceed-

ings would be to declare he was entitled to the office, whereas relator's certificate of election does that. He would then be compelled to ask for possession of the office records as an ancillary remedy. That he has done herein by mandamus, which is available to him.

It is contended that the 1930 census was not applicable for that it was not promulgated in time to warrant the election officials of Tulsa county to act thereon. The primary election was on July 28th. The law provides that elections must be called 60 days prior thereto. May 29, 1930, was that day. According to the record filed herein official announcement of the census of the city of Tulsa was made on May 17, 1930. That was in time. But it is urged that the census was merely preliminary. In Herndon v. Excise Board of Garfield Co., 147 Okla. 126, 295 Pac. 223, we held, nevertheless, it was official, and for the guidance of officials.

Without extending our remarks, we hold that relator, under the record, has shown a clear legal right entitling him to the writ as granted below.

HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. LESTER, C. J., and CULLISON and McNEILL, JJ., absent.