Gerald C. Mann
Attorney General

*Superseded by
art. 29d. V.C.S.*

Hon. E. C. Moseley                    Opinion No. O-2337
Civil District Attorney
Hall of Records                       Re:  When does the 1940 Fed-
Dallas, Texas                              eral census become con-
                                           trolling under our
                                           statutes involving pop-
                                           ulation?

Dear Mr. Moseley:

        We beg to acknowledge receipt of your letter of
May 6, 1940, requesting an opinion from this department
upon the above captioned question, which has been propound-
ed to you by the County Auditor of Dallas County, being the
third of the group of questions so propounded, as follows:

        "We were further requested to give our
        opinion as to when the 1940 census would be-
        come controlling.  It was this third question
        which we desired particularly to refer to the
        Attorney General.  Our tentative opinion on
        this third question is that it becomes opera-
        tive and controlling as to the laws applicable
        as to the particular bracket when the census
        figures for Dallas County have been compiled
        and made available to the public; that is, pub-
        lic information, without regard to the fact
        that the Washington Bureau reserves the right
        to make such corrections as might become neces-
        sary."

        The Act of the Congress authorizing and regulat-
ing the taking of the decennial censuses prescribes:

        "He (the director of the census) is fur-
        ther authorized to have printed by the public
        printer, in such editions as the director may
        deem necessary, preliminary and other census
        bulletins, and final reports of the result of
        the several investigations authorized by this
        chapter or by chapters 1 and 3 of this Title
        and to publish and distribute said bulletins
        and reports." -- Sec. 213 Title 13 U.S.C.A.

The question propounded by you is ruled by the cases of Holcomb v. Spikes, 232 S.W. 891, (App. for writ dis.) and Ervin v. State, 44 S.W. (2) 380.

The opinion in Holcomb-Spikes declares:

"It would seem when the bulletin is so published and distributed it then becomes an official pronouncement of the law, of which the public and all officials may take notice. * * *

"The bulletin does not indicate that it (the enumeration) was incomplete or negligently done, but rather indicates it may be subject to correction. It does not carry the idea that it was incomplete, but that it was complete. We think when the bulletin was given to the public, officials who were required to act with reference thereto may take official notice that the enumeration had been made and was then in the archives of that office subject to the inspection of the public in which the population of Lubbock County had been determined. The fact that it may be corrected does not indicate that the census was not complete and then a public document under the law."

Ervin v. State declares:

"There is no specific provision in the Act of Congress June 18, 1929 (13 USCA ∮ 201 et seq.) with reference to the time of final announcement of the census; nor is there any provision as to the time the census shall become effective. Under the terms of the Act of Congress March 6, 1902, ∮ 11 (13 USCA ∮ 4), the Director of the Census is required 'to have printed, published, and distributed, from time to time, bulletins and reports of the preliminary and other results of the various investigations authorized by law.' Substantially to the same effect is section 13, Act of Congress June 18, 1929 (13 USCA ∮ 213), which imposes on the Director the duty to have printed preliminary and other census bulletins and final reports of the results of the several investigations. Section 205, 13 USCA, reads as follows: 'Each supervisor shall perform

such duties as may be imposed upon him by
the Director of the Census in the enforce-
ment of this chapter,' etc.

"In Holcomb et al. v. Spikes, 232 S.W.
891, 894, the Court of Civil Appeals at
Amarillo, Tex., in holding that a prelim-
inary announcement of the census by the
Director was an official pronouncement
of which the public and all officials may
take notice, said:  'It would seem by the
act of 1902 duties were imposed upon the
Director to publish and distribute bulle-
tins and reports of the preliminary and
other results of the various investiga-
tions authorized by law.  This, in so far
as we can ascertain, is the only method
to inform the public and of giving it ac-
cess to the information ascertained and
compiled by the enumerators and supervis-
ors.  It would seem when bulletin is so
published and distributed it then becomes
an official pronouncement under the law,
of which the public and all officials may
take notice. * * *  In this case the un-
disputed facts show the Census Bureau,
under the signature of its Director, is-
sued a bulletin showing before the elec-
tion the population of Lubbock County to
be 11,096.  This seems to have been of-
ficial.  This information appears to have
been given to leading papers of the State.
Under the law this information could have
been obtained in no other way than through
the Director's official act, without vio-
lating the law and subjecting the parties
to a charge of felony.  We think the case
of Nelson v. Edwards, 55 Tex. 389, indi-
cates, when the enumerators' list is filed,
as required by the law, as it then existed,
this made it such evidence as that public
officials could and should act upon it.
There was no other method provided or shown
requiring a proclamation placing the census
in effect. * * *

"The opinion is expressed that the pre-
liminary announcement of the census of the

city of Abilene was an official pronounce-
ment.  This announcement was made prior to
the  time the jury commissioners selected
the panel from which the jury was drawn.
The announcement of the population in the
preliminary report should have been the guide
of officials whose duty it was to act with
reference thereto.  The effect of the prelim-
inary announcement was to place the county of
the prosecution under the provisions of Arti-
cle 2094, Revised Statutes 1925, as amended.
Hence the motion to quash the jury panel should
have been sustained."

Your tentative advice to the County Auditor is,
in our opinion, a correct pronouncement of the law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/ Ocie Speer

OS:MR:wb                        Ocie Speer, Assistant

APPROVED MAY 18, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED:  OPINION COMMITTEE

BY:   R.U.F.   Chairman