**GARRETT et al. v. ANDERSON, County Judge, et al.**

No. 10948.

Court of Civil Appeals of Texas. San Antonio.

Oct. 30, 1940.

Rehearing Denied Nov. 27, 1940.

Johnson & Rogers and Wm. N. Hensley, all of San Antonio, for appellants.

John R. Shook, L. J. Gittinger, and Archie S. Brown, all of San Antonio, for appellees.

SMITH, Chief Justice.

This action was brought by W. R. Garrett and others, all of them being official court reporters of the District Courts and County Courts at Law of Bexar County, against Honorable Charles W. Anderson, County Judge, and the County Commissioners and County Auditor of said County. The object of the suit is to force the County officials, by mandamus or injunction, to continue, as theretofore, to pay the plaintiffs annual salaries of $3,600 each, as prescribed by statute for court reporters in counties having a population of more than 290,000 and less than 325,000, "according to the last preceding or any future federal census."

The suit was provoked by an order of the Commissioners' Court which had the effect of reducing the appellants' annual salaries from $3,600 to $3,000 per year, on the assumption that the population of the County was 337,557 according to the "last preceding" (1940) federal census, whereby the County was taken out of the 290,000–325,000 population bracket, as ascertained by the census of 1930.

Garrett and his associates have appealed from an order of the District Court denying mandamus and injunction.

The appeal turns on the question of whether the population of Bexar County, as ascertained by the sixteenth decennial federal census, taken in 1940, had been officially determined and promulgated so as to give it the status of the "last preceding federal census" within the contemplation of the statutes prescribing the salaries of official court reporters in the several classes of counties in this State.

Appellants stand, in their suit, upon the provision of Article 2326e, Vernon's Civ. Stats., as follows: "Sec. 2. That the official shorthand reporter of each District Court, Criminal District Court, and County Court-at-Law in each county in the State of Texas having a population of more than two hundred and ninety thousand (290,000) and less than three hundred and twenty-five thousand (325,000) inhabitants, according to the last preceding or any future Federal Census, shall receive a salary of Thirty-six Hundred Dollars ($3600) per annum * * *." As amended Acts 1939, 46th Leg. Spec.L. p. 623, § 1.

The federal statutes provide no formula or procedure for the promulgation of reports of the population ascertained by the taking of any census. The nearest approach to such procedure is found in 13 U.S.C.A. §§ 4 and 213, in which it is provided that, "The Director of the Census is authorized and directed to have printed, published, and distributed, from time to time, bulletins and reports of the preliminary and other results of the various investigations authorized by law; * * *." (Section 4.) "The Director of the Census is hereby authorized * * * to have printed by the Public Printer, in such editions as the director may deem necessary, preliminary and other census bulletins, * * * and to publish and distribute said bulletins and reports." (Section 213.)

The record in this case does not embrace any report or statement purporting to emanate directly from the "Director of the Census," but the Hon. Ben S. Morris, duly accredited supervisor of the census for the Twentieth District, consisting of Bexar County, issued and delivered to the County Judge the following preliminary report of the census for said County.

"Form P 114 (1940 and 1930)
"Department of Commerce
"Bureau of the Census
"Sixteenth Census of the United States
      "Office of Supervisor of Census
            "821 Frost Bank Building
      "San Antonio, Texas,
                        "June 25, 1940
      "Released for Immediate Use
"Sixteenth Census—Preliminary Announcement of Population
            (Subject to Correction)

"The population of County of Bexar, State of Texas, as shown by a preliminary count of the returns of the Sixteenth Census, taken as of April 1, 1940, is 337,557, as compared with 292,533 on April 1, 1930. The 1940 figures are preliminary and subject to correction.

                        "Ben S. Morris
                  "Supervisor of Census."

 No question is made of Supervisor Morris' authority to execute and promulgate the "preliminary announcement of population" of Bexar County, nor is there any contention that the figures in his report to the County Judge are substantially inaccurate, or so far from the true number as to affect the question presented here. The report purports (without question of its authenticity) to be upon forms furnished the Supervisor by the Census Bureau, apparently under authority provided in Sections 4 and 213 of the Census Act, supra. Like reports, or "preliminary announcements," of the census of the City of San Antonio and of Bexar County, were furnished on this form by Supervisor Morris to the Mayor and Chamber of Commerce, as well as the County Judge, in accordance with the policy of the Bureau. It should be presumed from the record here that Mr. Morris was acting fully within his official authority as supervisor in issuing the report for the benefit of the public.

We are of the opinion, therefore, and here hold as a matter of law, under the record made here, that the report of Supervisor Morris amounted to an official announcement, in behalf of the federal government, that the population of Bexar County, according to the last preceding federal census, is 337,557, subject to such necessarily slight and here immaterial corrections as may be made in the final figures promulgated by the appropriate authority in the National Government. It follows from this conclusion that the County officials of Bexar County were authorized to take official notice of that report as a declaration of the "last preceding * * * Federal Census" as contemplated in Article 2326e, and, accordingly, to discontinue payment of the salaries prescribed in that statute for court reporters in counties having a population of not less than 290,000 and not more than 325,000. The trial court therefore did not err in refusing to issue any writs requiring the county officials to authorize and make payment of such salaries. 14 C.J.S., Census, page 103, § 6; Forde v. Owens, 160 S.C. 168, 158 S.E. 147; Elliott v. State, 150 Okl. 275, 1 P.2d 370; Herndon v. Excise Board, 147 Okl. 126, 295 P. 223; Ervin v. State, 119 Tex. Cr.R. 204, 44 S.W.2d 380; Holcomb v. Spikes, Tex.Civ.App., 232 S.W. 891. We overrule appellants' first proposition.

Appellants contend in their second proposition that because their salaries are fixed in Article 2326e at $3,600 per annum, the Commissioners' Court was without authority to diminish that salary in the midst of the fiscal year, as was attempted in the order of the Commissioners' Court assailed in this suit. We overrule the contention. The salary of $3,600 per annum was operative only so long as the population of the County remained in the 290,000 to 325,000 bracket, and when the County passed out of that class the authority of the County to pay that salary, or at the rate of that salary, automatically ceased.

The judgment is affirmed.