

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

*Superseded By Art - 29-d V. C. S.*

October 9, 1951

Hon. Austin F. Anderson
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. V-1310

Re: Effect of variance
between preliminary
and final census re-
ports upon salaries
paid on the basis
of the preliminary
report.

The following question in your opinion re-
quest is submitted for determination:

"Are the changes in the bracket laws
in Bexar County made in accordance with
the preliminary announcement of the 1950
census July 12, 1950, rendered null and
void by the final and corrected census
report, issued April 11, 1951, which the
Attorney General has ruled governs the
population bracket for Bexar County?"

Your opinion request further states:

"You will recall that on July 12,
1950, the preliminary announcement of
the 1950 Federal Census for Bexar Coun-
ty at 496,000 was made. Prior to that
announcement the District Judges of
Bexar County, as members of the Juvenile
Board, were being compensated in the
amount of $2,900.00 per annum, allowed
under Art. 6819a-3, V.C.S., $2,500.00
plus $400.00 of the amount allowed under
Art. 5142b, Section 1 and Section 15,
but not to exceed $2,900.00 under Art.
6819a-6, V.C.S.

"Following this preliminary an-
nouncement causing a change in the
bracket law applicable to Bexar Coun-
ty, the District Judges no longer came
under Art. 5142b, Sec. 1 and Sec. 15,

which resulted in the reduction of their compensation as members of the Juvenile Board from $2,900.00 to $2,500.00. They were thus being compensated only under Art. 6819a-3, V.C.S. However, Art. 6819a-6, V.C.S., allowing a maximum compensation of $2,900.00 still applies, but with no provision for it to be received. The result of the preliminary announcement was that the Juvenile Board members' compensation was reduced $400.00 annually.

"On April 11, 1951, the second and final Federal Census for Bexar County was announced at 500,460. Subsequently, your opinion V-1175 ruled that the population bracket of Bexar County changed simultaneously with the official pronouncement of the final census report for Bexar County on April 11, 1951. Thus another change in bracket laws was necessary.

"The result of this final census report was to reduce the maximum compensation of the District Judges as members of the Juvenile Board from $2,500.00 per annum allowable under Art. 6819a-3 in counties of population not exceeding 500,-000, to $1,500.00 per annum allowed under Art. 5139, V.C.S., making an annual reduction of $1,000.00.

"On May 28, 1951, Senate Bill No. 78 was passed by the 52nd Legislature (Vol. 4, Chapter 303, p. 485, Texas Session Laws, 52nd Leg.) amending Art. 6819a-3 and becoming effective the same day. This is a mandatory law giving the District Judges an annual compensation of $2,900.-00 as members of the Juvenile Board.

"As a result of these changes in the bracket laws the District Judges' compensation was reduced approximately three hundred dollars between July 12, 1950, the date of the preliminary announcement, and April 11, 1951, the date of the final census report."

In Attorney General's Opinion V-1175 (1951), it was said:

"A preliminary announcement by the Area or District Census Supervisor of the population of a particular area amounts to an official announcement of which notice may be taken officially. Holcomb v. Spikes, 232 S.W. 891 (Tex. Civ. App. 1921, error dism.); Ervin v. State, 119 Tex. Crim. 204, 44 S.W.2d 380 (1931); Garrett v. Anderson, 144 S.W.2d 971 (Tex. Civ. App. 1940, error dism. judgm. cor.)."

In Garrett v. Anderson, supra, the court said:

"We are of the opinion, therefore, and here hold as a matter of law, under the record made here, that the report of Supervisor Morris amounted to an official announcement, in behalf of the federal government, that the population of Bexar County, according to the last preceding census, is 337,557, subject to such necessarily slight and here immaterial corrections as may be made in the final figures promulgated by the appropriate authority in the National Government. It follows from this conclusion that the County officials of Bexar County were authorized to take official notice of that report as a declaration of the 'last preceding * * * Federal Census' as contemplated in Article 2326a, and, accordingly, to discontinue payment of the salaries prescribed in that statute for court reporters in counties having a population of not less than 290,000 and not more than 325,000. The trial court therefore did not err in refusing to issue any writs requiring the county officials to authorize and make payment of such salaries."

In Holcomb v. Spikes, supra, it was said:

"We think the case of Nelson v. Edwards, 55 Tex. 389, indicates, when the enumerators'

list is filed, as required by the law, as it then existed, this made it such evidence as that public officials could and should act upon it. There was no other method provided or shown requiring a proclamation placing the census in effect."

We agree with you that the county officials of Bexar County were authorized to perform certain acts relating to salaries of county and district officers in reliance upon a preliminary report of the census, and, in our opinion, these acts are not rendered null and void by the release of the final census placing the county in a different population bracket. We believe the facts in the case of Garrett v. Anderson, supra, to be controlling as they relate to the question under consideration. An official preliminary announcement constitutes the "last preceding Federal census" until it is superseded by a subsequent official announcement, and acts done in reliance on the preliminary announcement are valid.

## SUMMARY

The final Federal census report issued April 11, 1951, does not render null and void any changes made in salaries in Bexar County in reliance upon a preliminary announcement of the 1950 census issued on July 12, 1950. Garrett v. Anderson, 144 S.W.2d 971 (Tex. Civ. App. 1940, error dism. judgm. cor.); Att'y Gen. Op. V-1175 (1951).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

BW:awo

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Assistant