

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

*Superseded by*
*att 29d r.C.A.*

June 8, 1960

Mr. Charles L. Reynolds          Opinion No. WW-851
County Attorney
Childress County                 Re: Effective date sheriff
Childress, Texas                     becomes Assessor and
                                     Collector of Taxes,
                                     and related questions,
                                     when population of
                                     county becomes less
Dear Mr. Reynolds:                   than 10,000.

Your request for an opinion reads in part as
follows:

"Heretofore for a number of years,
an Assessor and Collector of Taxes has
been elected by the qualified voters of
Childress County in accordance with the
provisions of Article 8, Sections 14 and
16, of the Constitution of Texas, this
county during all such times having had
more than 10,000 inhabitants as deter-
mined by the applicable federal census.
The four year term of the present incum-
bent expires December 31, 1960. The
present incumbent, being the only an-
nounced candidate for nomination to such
office and having received the highest
number of votes cast for any person for
such office in the May 7, 1960, Democratic
primary election, has been certified to
be the democratic nominee for the office
of Tax Assessor and Collector at the gener-
al election to be held in November, 1960.
According to the preliminary 1960 census
report, Childress County has a population
of 8,371. The Constitution of Texas pro-
vides that in counties having less than
10,000 inhabitants the Sheriff shall be
the Assessor and Collector of Taxes unless
the voters, at an election called for that

purpose, shall approve of adding an Assessor and Collector of Taxes to the list of authorized county officials.

"This situation raises the following questions:

"1. If no election is held, or if the voters fail to approve the adding of an Assessor-Collector of Taxes to the list of authorized county officials, when does the Sheriff assume the duties of Assessor and Collector of Taxes?

"2. And, inevitably controlled by the determination of question one above, when does the term of the present incumbent end?

"3. If at an election held for that purpose, an Assessor-Collector of Taxes is added to the list of authorized county officials, is the present incumbent, who was nominated in the May 7, 1960, Democratic primary election, entitled to have his name placed on the ballot in the November general election as the Democratic nominee for such office?"

Section 16 of Article VIII of the Constitution of Texas provides as follows:

"The Sheriff of each county, in addition to his other duties, shall be the Assessor and Collector of Taxes therefor; but, in counties having 10,000 or more inhabitants, to be determined by the last preceding census of the United States, an Assessor and Collector of Taxes shall be elected as provided in Section 14 of this Article, and shall hold office for four years and until his successor shall be elected and qualified."

Section 16a of Article VIII of the Constitution of Texas provides as follows:

"In any county having a population of less than ten thousand (10,000) inhabitants, as determined by the last preceding

census of the United States, the Commis-
sioners' Court may submit to the qualified
property taxpaying voters of such county
at an election the question of adding an
Assessor-Collector of Taxes to the list of
authorized county officials.  If a majority
of such voters voting in such election
shall approve of adding an Assessor-Collector
of Taxes to such list, then such official
shall be elected at the next General Elec-
tion for such Constitutional term of office
as is provided for other Tax Assessor-
Collectors in this State."

In construing the provisions of Section 16 of Arti-
cle VIII of the Constitution of Texas above quoted, the
Court held in Nelson v. Edwards, 55 Tex. 389 (1881):

". . . It will be recollected that
under the above section of the constitu-
tion of 1876, prima facie the sheriff is
the collector of taxes, and that the ex-
ception applies to counties of ten thou-
sand inhabitants; and that a party, to
avail himself of this exception, should
show that he comes within it.  . . ."

Likewise, it was held in Attorney General's Opinion
2249 (1920):

"Primarily, and presumably, the sheriff
of a county is prima facie 'the collector of
taxes therefor,' and one claiming to the con-
trary has the burden of showing that such coun-
ty comes within the exception provided for by
the latter part of said Section 16 of Article
8 of our State Constitution.  This is express-
ly so decided in Nelson vs. Edwards, 55 T. 389;
and this Department has held that the failure
of a sheriff to execute the bonds required of
the tax collector of a county shown by the
United States Census next preceding the gener-
al election to have less than ten thousand in-
habitants would have the effect of creating a
vacancy in the office of sheriff of such coun-
ty; that the office of sheriff and tax collector
of such county is dual and inseparable, and that
one has not the right to hold or exercise the

functions of either without qualifying as, and being charged with the duties and responsibilities of, both. Rep. & Op. Atty. Gen. 1916-1918, p. 399.

"Does the fact that another United States Census, coming during the period of time intervening between two general elections, shows such county to have ten thousand inhabitants, terminate the right and duty of the sheriff of such county to be the collector of taxes therefor, or create or bring into existence the office of tax collector of such county as separate from the office of sheriff, as of the date of such census, or at any time before the general election next succeeding such latter census? We think not. The term of office of such sheriff is fixed at two years. /now four years/.
. . .

" . . .

" . . . We do not understand that it was intended that such a census abolish the office of tax collector of such county, or terminate the term of office of such tax collector, as of the date of such census. Otherwise, by reason of such census the sheriff of such county would become the collector of taxes therefor automatically and involuntarily, without having been a candidate therefor or having been elected or appointed as such, and in the event he was unwilling or unable to make the bond required of him as such collector, he would be obliged to resign his office as sheriff or else, by reason of what we have already seen, his office would be taken away from him by operation of law. In our opinion, no such result or effect was contemplated or intended by the framers either of our Constitution or statutes. Our opinion is that the tax collector in such case remains the collector of taxes for such county for the full term of two years. /now four years/
. . ." (Emphasis added)

A copy of Attorney General's Opinion 2249 (1920) is attached to this opinion.

Mr. Charles L. Reynolds, page 5 (WW-851)


In view of the foregoing, you are advised that the present incumbent in the office of Assessor and Collector of Taxes of Childress County remains the Assessor and Collector of Taxes for such County until January 1, 1961, and the Sheriff of Childress County after January 1, 1961, will assume the duties of Assessor and Collector of Taxes. If prior to the next general election, an election is held pursuant to the provisions of Section 16a of Article VIII of the Constitution of Texas, and the voters authorize adding an Assessor and Collector of Taxes to the list of authorized county officials, the name to be placed on the ballot at the November election as the Democratic nominee for such office will be the individual nominated at the Primary Election for such office on May 7, 1960.

## SUMMARY

In a county having a population of more than 10,000 inhabitants according to the 1950 Federal Census and having a population of less than 10,000 inhabitants according to the 1960 Federal Census, the Assessor and Collector of Taxes for such County remains the Assessor and Collector of Taxes for such County until January 1, 1961. If prior to the next general election, an election is held pursuant to the provisions of Section 16a of Article VIII of the Constitution of Texas, and the voters authorize adding an Assessor and Collector of Taxes to the list of authorized county officials, the name to be placed on the ballot at the November Election as the Democratic nominee for such office will be the individual nominated at the Primary Election for such purpose on May 7, 1960.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*

John Reeves
Assistant Attorney General

JR:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Dean Davis
Lawrence Hargrove
Jerry H. Roberts
James M. Farris

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore