### TROOP, et al v. CITY OF HIALEAH, et al.
No. 60 C 7042.

Circuit Court, Dade County.

August 5, 1960.

Conway E. Boone, Jr. and William J. Piquette, both of Hialeah, for plaintiffs.

Ralph F. Miles, Hialeah, for City of Hialeah, et al, defendants.

Darrey A. Davis, County Attorney, for Dade County, intervenor.

ROBERT L. FLOYD, Circuit Judge.

This cause came on regularly for final hearing upon the issues made by the complaint, the answer of defendants, and the answer of Dade County, as intervenor. The court heard the testimony and evidence adduced, and considered arguments of counsel for respective parties.

The plaintiffs seek to enjoin an election called by the city of Hialeah for the purpose of electing a county commissioner pursuant to the provisions of the home rule charter of government for Dade County.

The home rule charter provides that there shall be a county commissioner elected from each municipality in Dade County having a population of 60,000 inhabitants or more according to

the latest federal census. It provides that at such time as a municipality becomes entitled to elect a county commissioner, that municipality shall by ordinance fix the time and method of election, and the date on which the term of its county commissioner shall begin. If an eligible municipality fails to provide for the election of its county commissioner within 90 days after it becomes eligible to do so, the office shall be treated as a vacancy.

The validity and constitutionality of the charter provisions governing the election of county commissioners in Dade County were upheld in Dade County v. Young Democratic Club of Dade County, Fla. 1958, 104 So. 2d 636.

The district supervisor, bureau of census, United States Department of Commerce, on June 2, 1960, issued a certificate

certifying that the city of Hialeah and the city of Miami Beach each had a population in excess of 60,000 inhabitants according to the 1960 federal census figures.

Based on such official certificate, the board of county commissioners, on June 7, 1960, adopted resolution no. 5251 finding and declaring that the city of Hialeah and the city of Miami Beach had a population of more than 60,000 inhabitants according to the latest federal census, and that each such municipality was entitled to elect a county commissioner in accordance with the provisions of the home rule charter.

Pursuant to the findings and declaration embodied in such county resolution, the Hialeah city council, on June 14, 1960, enacted ordinance no. 1284 calling a special election for the pur-

pose of electing a county commissioner. Under the controlling charter provisions the failure to enact an ordinance providing for the election of a county commissioner from Hialeah within 90 days would have created a vacancy.

The plaintiffs challenge the validity of county resolution no. 5251 upon the ground that the certificate of the district supervisor of the bureau of census was an insufficient predicate for any official determination that the city of Hialeah had attained a population of more than 60,000 inhabitants.

The testimony of the district supervisor of the bureau of census (called as a witness by plaintiffs) sustains the accuracy and authenticity of his certificate issued on June 2, 1960, and conclusively establishes that the final enumeration of the population of the city of Hialeah is in excess of 60,000; that any revisions or corrections of the preliminary bulletins will be upward, and in no event will the final tabulations show a population of less than 60,000. We are not here concerned with the exact population count, only whether or not Hialeah has a population of 60,000 inhabitants or more according to the latest federal census. The evidence shows beyond any shadow of doubt that the city of Hialeah has a population of more than 60,000 inhabitants according to the 1960 federal census.

The official status or legal sufficiency of a preliminary census bulletin apparently has not been considered and passed upon by any appellate court of Florida. However, it has been determined in other jurisdictions. It has been held that a preliminary census bulletin will be taken as official notice of the population of a city for the purpose of the election of justices of the peace, notwithstanding a statement contained in the bulletin that it is subject to correction. Elliott v. State, 150 Okla. 275, 1 Pac. 2d 370. A preliminary bulletin announcing the results of a census, issued by the district supervisor of the census bureau, constitutes an official pronouncement of which public officials may and should take notice. Holcomb v. Spikes (Tex. Civ. App.), 232 S.W. 891. See also Forde v. Owens, 160 S.C. 168, 158 S.E. 147; Cahill v. Leopold, 141 Conn. 1, 103 At. 2d 818; Garnett v. Anderson (Tex. Civ. App.), 144 S.W. 2d 971; and Board of Commissioners v. Mathews, 147 Okla. 296, 296 Pac. 481.

In Ervin v. State (Tex. Crim. App.), 44 S.W. 2d 380, it was held that preliminary census bulletins are official and will be judicially noticed by the courts in determining matters of population. The Supreme Court of Florida, in Rosche v. City of Hollywood, 55 So. 2d 909, held that the court will take judicial notice of census figures.

The court, therefore, finds and declares that the board of county commissioners was lawfully authorized to accept and utilize the certificate of the district supervisor of the bureau of census as the basis for its legislative finding and declaration that the city of Hialeah had a population in excess of 60,000 inhabitants according to the latest federal census.

The plaintiffs have failed to sustain their further contention that city of Hialeah ordinance no. 1284 was enacted contrary to the requirements of the city charter and the home rule charter. The contention that such ordinance conflicts with controlling provisions of the home rule charter is without merit.

The court finds and determines that the equities of this cause are with the defendants and intervenor, and that the intervenor is entitled to the affirmative relief sought and prayed for in its answer.

Accordingly, it is hereby ordered, adjudged and decreed —

That the city of Hialeah has a population of more than 60,000 inhabitants according to the 1960 federal census, and is entitled to elect a county commissioner in accordance with the controlling provisions of the home rule charter.

That resolution no. 5251, adopted June 7, 1960, by the board of county commissioners of Dade County, Florida, finding and declaring, upon the basis of certificate issued by the district supervisor, bureau of census, United States Department of Commerce, that the city of Hialeah and the city of Miami Beach have a population of more than 60,000 inhabitants, and are each entitled to elect a county commissioner in accordance with the provisions of the home rule charter, was lawfully adopted and is hereby declared to be a valid exercise of the legislative powers vested in the board of county commissioners.

That ordinance no. 1284, enacted June 14, 1960, by the city council of the city of Hialeah, providing for the election of a county commissioner, pursuant to the provisions of county resolution no. 5251, and in accordance with the controlling provisions of the home rule charter, was lawfully enacted and is declared to be valid.

The plaintiffs' application for injunctive relief enjoining the election of a county commissioner by the city of Hialeah is hereby denied; and the plaintiffs' complaint is hereby dismissed with prejudice at the cost of the plaintiffs.