

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 7, 1972

Hon. Bill Lofland
County Attorney
Rockwall County
P. O. Box 36
Rockwall, Texas   75087

Opinion No. M- 1260

Re:   Whether the Commissioners
Court of Rockwall County
may call an election for
voters of the county to
determine whether to separate
the office of sheriff, tax
assessor and collector into
two separate and different
offices, and related ques-
tions.

Dear Mr. Lofland:

Your request for an opinion asks the following questions:

"1.   Can the Commissioners Court of Rockwall
County, Texas call an election for the voters of
Rockwall County to determine whether or not they
desire to separate the office of Sheriff, Tax
Assessor and Collector into two different offices?

"2.   If an election is called for this
November 7, 1972, as it is my understanding that
the local commissioners court has already voted
to do and on that date the voters vote favorably
to create the new office, does the Commissioners
Court have the authority to appoint an Assessor-
Collector of Taxes for Rockwall County, Texas to
begin January 1, 1973."

Section 16 of Article VIII of the Constitution of Texas
provides:

"The Sheriff of each county, in addition
to his other duties, shall be the Assessor and
Collector of Taxes therefor; but in counties
having 10,000 or more inhabitants to be de-
termined by the last preceding census of the
United States, an Assessor and Collector of

-6173-

Taxes shall be elected as provided in Section
14 of this Article, and shall hold office for
four years and until his successor shall be
elected and qualified."

Under the above quoted provisions the sheriff performs
ex-officio the duties of the assessor and collector of taxes.
Nelson v. Edwards, 55 Tex. 389 (1881); Brooks v. Dulaney, 100
Tex. 86, 93 S.W. 997 (1906).

Section 16a of Article VIII of the Constitution of Texas
provides:

"In any county having a population of less
than ten thousand (10,000) inhabitants, as de-
termined by the last preceding census of the
United States, the Commissioners Court may sub-
mit to the qualified property taxpaying voters
of such county at an election the question of
adding an Assessor-Collector of Taxes to the list
of authorized county officials. If a majority
of such voters voting in such election shall
approve of adding an Assessor-Collector of Taxes
to such list, then such official shall be elected
at the next General Election for such Constitu-
tional term of office as is provided for other
Tax Assessor-Collectors in this State."

In construing the provisions of Section 16a it was held
in Attorney General's Opinion WW-1292 (1962):

"Sec. 16a, Art. 8, Texas Constitution, is
self-executing, and requires no enabling act by
the Legislature for the voters of a county to
take action under its provisions. This section
provides no specified time to call the election,
so any such election held under the provisions of
this section may be called at any time, in any
year, at the discretion of the Commissioners
Court. The term of the present sheriff and tax
assessor-collector will expire on December 31,
1964, or as soon thereafter as his successor
shall have qualified. There will be a General
Election held in November, 1962 and a General Election
in November, 1964. If the Constitution had

meant for the present sheriff and tax assessor-collector to serve out his full term, before anyone assumed the office of tax assessor-collector, it could have provided, '. . . then such official shall be elected at the next General Election immediately preceding the expiration of the term of office of sheriff and tax assessor-collector.'  But the Constitution says, '. . . at the next General Election . . .'  In our situation this means the General Election to be held in November, 1962."

Since Rockwall County has a population of less than 10,000 inhabitants, according to the last preceding federal census, the Commissioners Court of Rockwall County may call an election and submit the question of adding an assessor-collector of taxes to the list of authorized county officials.  This election will not affect the term of office of the office of sheriff.  If an affirmative vote is cast it will create the additional office of assessor-collector of taxes.

Article 7246-1/2, Vernon's Civil Statutes, provides:

"Where the separate office of assessor-collector of taxes is added to the list of authorized county offices in a county having less than 10,000 inhabitants by an election pursuant to Article VIII, Section 16a, of the Texas Constitution, the commissioners court in its discretion may fill the office by appointment until an assessor-collector is elected at the next general election and qualifies for the office as required by law.  Before entering upon the duties of the office, the appointee shall take the official oath and shall give bond in the manner prescribed by law for other assessor-collectors."

The provisions of Section 16a of Article VIII of the Constitution of Texas specifically provide that if a majority of the voters approve of adding an assessor-collector of taxes to the list of authorized county officials, then such officials shall be elected at the next general election.  Article 7246-1/2 authorizes the commissioners court to fill the office of assessor-collector of taxes created by the election by an appointment until the next general election.

Therefore it is our opinion that no conflict exists between the provisions of Section 16a of Article VIII of the Constitution of Texas and Article 7246-1/2, Vernon's Civil Statutes. Furthermore, as pointed out above, the term of office of sheriff is not affected by the creation of the additional office of assessor-collector of taxes.

You are accordingly advised that the provisions of Article 7246-1/2 are constitutional and the commissioners court will have the authority to appoint an assessor-collector of taxes until the next general election if the office of assessor-collector of taxes is created by an affirmative vote at the election called pursuant to Section 16a of Article VIII of the Constitution of Texas.

S U M M A R Y

The commissioners court in a county having a population of less than 10,000 inhabitants has the authority to submit the question of adding an assessor-collector of taxes to the list of authorized county officials. If such office is created the commissioners court has the authority to fill the office by appointment until the next general election following the creation of the office. Texas Constitution, Article VIII, Section 16a; Article 7246-1/2, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Tom Fortescue
Roland Allen
Bill Craig
Bob Lattimore

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant