## REDMOND v. INCORPORATED TOWN OF SULPHUR.

No. 1552.   Opinion Filed February 6, 1912.

(120 Pac. 262.)

1.  **MUNICIPAL CORPORATIONS**—Ordinances—Enactment.   Under section 924, Mansf. Dig. (section 694, Carter's Indian Territory Statutes), providing that ''all by-laws and ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless two-thirds of the members composing the council shall dispense with the rule,'' such suspension must be by the vote of two-thirds of the members composing the council, whether they are present or not.

2.  **SAME.**   The Act of Congress of July 1, 1902, 32 St. at L., 653, 10 Fed. St. Ann., p. 162, permitting municipal corporations in the Chickasaw and Choctaw Nations to vacate streets and alleys, and providing that such streets and alleys, when vacated, shall become the property of the adjacent property holders, must be construed in connection with those sections of Mansf. Dig. governing municipal corporations, and as it does not prescribe the method of procedure, section 924, Mansf. Dig. applies.

(Syllabus by Ames, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by H. C. Redmond against the Town of Sulphur for possession of certain lands and damages to the land of the plaintiff on account of the erection of a townhall and jail in proximity to his property. Judgment for defendant, and plaintiff brings error. Affirmed.

*Cruce, Cruce & Bleakmore,* for plaintiff in error.

*Ira M. Roberts,* for defendant in error.

Opinion by AMES, C. The plaintiff in error, hereafter referred to as plaintiff, was the owner of certain lots in the town of Sulphur. The town authorities passed an ordinance vacating a portion of the street adjoining the plaintiff's land, and on which he had some slight improvements. Thereafter the ordinance was repealed, and the town took possession of the land composing the street and erected a townhall and jail thereon. The plaintiff brought suit for the recovery of the land and for damages. The sole issue tried was the action for possession.

The plaintiff based his claim of title upon the ordinance passed by the town of Sulphur vacating this street, and upon the act of Congress authorizing streets to be vacated and providing that the land so vacated should become the property of the adjacent owners. The city based its defense upon the invalidity of the original ordinance vacating the street and claimed that the ordinance was in conflict with section 924, Mansf. Dig. (Carter's Indian Territory Statutes, sec. 694), which was in force at the time the ordinance was passed. That section is as follows:

"All by-laws, ordinances, resolutions or orders for the appropriation of money shall require for their passage or adoption the concurrence of a majority of the aldermen of any municipal corporation. All by-laws and ordinances of a general or permanent nature shall be fully and distinctly read on three different days, unless two-thirds of the members composing the council shall dispense with the rule. No by-law or ordinance shall contain more than one subject, which shall be clearly expressed in its title."

The corporate authority of the town was at that time vested in one mayor, one recorder, and five aldermen, who constituted the council of the incorporated town. Mansf. Dig., sec. 792. At the meeting at which the ordinance was passed, there were six present, four of whom voted to suspend the rules and pass the ordinance. By the section quoted, the ordinance, being of a

permanent nature, was required to be fully and distinctly read on three different days, unless two-thirds of the members composing the council should vote to suspend the rule. Four are not two-thirds of seven, and therefore the question arises whether "the members composing the council" are the members present or all members composing the council.

We are not referred to any authority by counsel for either side, nor do we find any Arkansas case, construing this statute. We therefore give it the interpretation which its words seem to us to mean, namely, two-thirds of the members composing the council, whether present or absent. By section 792, Mansf. Dig., "such mayor, recorder and aldermen (five) shall constitute the council of the incorporated town." There is not much difference between the expression "constitute the council" in section 792 and the expression "composing the council" in section 924, and if these seven persons composed the council, then it is manifest that two-thirds of them did not vote to suspend the rule, and therefore the ordinance is invalid. A careful examination of section 924 lends additional weight to this conclusion, as by the first sentence in it all. by-laws, etc., for the appropriation of money shall require for their passage the concurrence of a majority of the aldermen. But all by-laws of a permanent nature shall be fully read on three different days, unless two-thirds of the members composing the council suspend the rule. Unless the Legislature meant something more by the latter expression than the former, we do not see why it made such an abrupt change of phraseology, and, in the absence of any authority being called to our attention, we hold that the meaning of the statute is what its plain language imports, and that the members composing the council include those absent as well as present, and that therefore the ordinance did not have the necessary two-thirds vote and was invalid.

It is next argued that the act of Congress of July 1, 1902, 32 Stat. at L. 653, 10 Fed. St. Ann., p. 162, which provides, among other things, that such "municipal corporations are hereby authorized to vacate streets and alleys or parts thereof, and

said streets and alleys, when so vacated, shall become the property of the adjacent property holders," confers upon the municipal council the power to vacate the streets by a bare majority vote. It is argued that as the act makes no provision for the manner by which the streets shall be vacated, therefore it follows that the council may act by the majority of a quorum. We do not agree with this position. It seems to be more reasonable to construe this act of Congress merely as a grant of power to be exercised in conformity with the laws in force. These laws had been put in force by Congress, and as this new grant of power does not prescribe the form and manner of its exercise, we think it must be exercised in the form and manner already known to the law.

There are other errors assigned; but they are not argued in the brief, nor do they seem to be meritorious.

For the reasons stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.