** Summary **
PROCEDURES TO CONDUCT BUSINESS OF PERSONNEL BOARD At least four members of the State Personnel Board, constituting a quorum of said Board, must be present to conduct business. Only those hearings conducted under 74 O.S. 833 [74-833] (1971); require a majority vote of the Board, that being four votes; in all other business of the Board a majority vote of those present will suffice, as long as those present constitute at least a quorum of the Board. The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. Under law, how many members of the Oklahoma State Personnel Board must be present in order to conduct business? "2. Under law, in order to conduct business, must the vote by the Oklahoma State Personnel Board be by a majority of those present, or a majority of the Board as constituted?" The creation of the Oklahoma State Personnel Board is provided in 74 O.S. 804 [74-804] (1971), which states, in part: "A State Personnel Board is hereby created, which shall consist of seven members appointed by the Governor . . ." Section 74 O.S. 805 [74-805] of Title 74 sets forth the duties of the Board and provides in part: "The State Personnel Board shall hold regular meetings not less than once each month and such additional meetings as may be required for the proper discharge of its duties. In addition to the duties expressly set forth elsewhere in this act, the Board shall: "(2) Adopt, initiate the adoption of, approve, modify, reject, or establish such rules and regulations as may be necessary to give effect to the merit system of personnel administration as contemplated by this act." Pursuant to Section 74 O.S. 805 [74-805](2), the Board adopted Rule 210.2 which provides in part: ". . . . Four members of the Board shall constitute a quorum." The general rule of parliamentary law is stated in 67 C.J. S., Parliamentary Law, 5, as follows: "It is a well established parliamentary rule that a quorum of the body must be present at any meeting in order to validate its action or to transact any business. In reckoning a quorum the general rule is that, in the absence of a contrary provision affecting the rule, the total number of all the membership of the body is to be taken as the basis, and a majority of the authorized membership of a body, consisting of a definite number of members, constitutes a quorum for the purpose of transacting business. It is competent for the state or constitution creating the body to prescribe the number of members necessary to constitute a quorum, or to delegate to the created body the authority so to prescribe. . . "Where a legal quorum is present, the general rule, in the absence of provisions to the contrary, is that a proposition is carried by a majority of the votes cast. . . "On the other hand, where the provision requires a vote of the majority, or two-thirds of all the members of a body, a vote of less than that number, although a majority of those present and voting is not sufficient, and, hence, where by statute the majority of all members is required for action, the majority of a quorum, if less than the majority of the whole number of the members of the body, will be insufficient." This general statement of the law has been approved by the Supreme Court of the State of Oklahoma in the case of Caffey v. Veale, 193 Okl. 444, 145 P.2d 961. In this case the plaintiff petitioned for a Writ of Mandamus to compel the Board of Commissioners of the City of Tulsa, Oklahoma, to approve a surety bond he had tendered to them as part of his effort to qualify for the office of Chief of Police. The petition was denied and affirmed by the Supreme Court. A portion of that opinion applicable to the question here concerned a determination of how many votes were necessary to approve an action by the Board of Commissioners. Though specifically dealing with the impact of silent vote, the Court did discuss the requirement and intent of a vote by a majority. While discussing the case of Redmond v. Incorporated Town of Sulphur, 32 Okl. 201,120 P. 262; and the case of Russell v. Murphy,177 Okl. 255, 58 P.2d 560, the Court stated: ". . . In the Sulphur case the town council was composed of seven members, and the governing law required a two-third vote of the members comprising the council to accomplish certain actions. In the particular instance six members were present and four voted yea and two passed their votes. We held that four did not constitute two thirds of seven and the action failed. . . "The same rule was applied in Russell v. Murphy, supra. Of a nine member council, requiring a three-fourths vote to accomplish certain action, six voted yea, two votes nay and one did not cast a vote. No value was given to this one member's failure to vote." The Court went on to point out in the second syllabus: "In Oklahoma where by law the action of a governing board of a municipality must be upon a majority vote, majority vote means the number of yea votes equal to or in excess of a numerical majority of the board, and those members who do not vote yea or nay but who 'pass' their votes are not to be deemed in law to acquiesce in the yea votes cast and to thereby have their 'pass' votes counted in the affirmative." In the third syllabus the Court went on to point out: "Where by city charter appointments to city offices are upon nomination by the mayor and confirmation by a majority of the Board of Commissioners, a nomination which receives the yea vote of the mayor and 'pass' votes by the four commissioners is not confirmed." It is clear that the State Personnel Board can transact business with a quorum present. It is also clear that unless provided otherwise, a majority vote of said quorum is sufficient to carry a proposition. Title 74 O.S. 833 [74-833] (1971), relating to hearings on discharges, suspensions, and demotions of classified employees, is the only statutory language found which provides for a majority vote of the Board. It states, in part: "Within ten days after said hearing the Board, by a majority vote, shall prepare its findings in written form and shall so notify said employee." Thus, on hearings conducted under Section 833, final decisions of the Board must be by a majority vote of the Board, that being four members, and a majority vote of a quorum will not suffice. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: At least four members of the State Personnel Board, constituting a quorum of said Board, must be present to conduct business. In answer to your second question only those hearings conducted under 74 O.S. 1971 833 [74-833], require a majority vote of the Board, that being four votes; in all other business of the Board a majority vote of those present will suffice, as long as those present constitute at least a quorum of the Board. (Mike D. Martin)